## 30031. WILLIAMS v. RICKETTS.

NICHOLS, Chief Justice.

The appellant filed a writ of habeas corpus in the Superior Court of Butts County contesting the imposition of a ten year sentence for motor vehicle theft upon a guilty plea. The habeas court found that the applicant had been sentenced to a harsher penalty than provided by law and directed the trial court to vacate the original sentence and resentence the appellant. The judgment also provided that the resentencing could be done in absentia and made no provision for the appellant to be served with a copy of the new sentence.

The sole enumeration of error complains of that part of the judgment directing that the appellant could be resentenced in absentia.

This would seem to be a new and novel point in Georgia. All the cases cited by either side involve resentencing in absentia where there was only one possible sentence that could be entered, i.e. death to life

(*Sullivan v. State,* 229 Ga. 731 (194 SE2d 410)); consecutive to concurrent (*Wade v. State,* 231 Ga. 131 (200 SE2d 271)); resetting of a date for execution (*Fowler v. Grimes,* 198 Ga. 84 (31 SE2d 174)). Each such case involves only a ministerial function.

In the case sub judice the prisoner could receive a sentence of from three to seven years to be served either concurrently with or consecutively to a sentence now being served. Since the prisoner would have substantial rights, he should be allowed to be present in the trial court for resentencing. Constitution of 1945, Art. I, Sec. I, Par. IV (Code Ann. § 2-104).

The part of the judgment of the habeas corpus court which permits the resentencing of the prisoner in absentia without his consent is reversed with direction that the habeas court enter an order allowing the prisoner to be present at the resentencing hearing.

*Judgment reversed with direction. All the Justices concur.*

SUBMITTED JUNE 11, 1975 — DECIDED JULY 1, 1975.

*James C. Bonner, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr., Staff Assistant Attorney General,* for appellee.