### 60494. WESTMORELAND v. THE STATE.

SHULMAN, Judge.

In the first appearance of this case (151 Ga. App. 850 (261 SE2d 761)), this court remanded the case to the trial court for resentencing in accordance with our determination that the trial court erred in imposing consecutive sentences for a single offense.

1. It is appellant's contention that the trial court erred in resentencing by imposing without justification a harsher sentence than that originally handed down. The record does not support appellant's contention. The court originally sentenced appellant on one count to ten years confinement, seven to serve in prison, three on probation; and on the second count to five years probation, to be served consecutive to the sentence imposed on the first count. Upon remand, the trial court sentenced appellant as it had originally sentenced him on Count 1; that is, to serve 10 years confinement, seven to serve, three on probation.

It is thus obvious that the trial court did not impose a more severe sentence upon remand. Appellant's contentions of error in this regard are without merit.

2. Appellant complains of the trial court's subsequent modification of his sentence at the hearing on appellant's motion for supersedeas bond, contending that he was not present at the hearing and that the trial court lacked jurisdiction to further modify the sentence following its resentencing of the appellant. The resentencing of the appellant, pursuant to this court's directive, was done on April 18, 1980; the motion for supersedeas bond was heard on May 16, 1980.

Even assuming error in the second resentencing (and even assuming appellant was not permitted to attend the hearing), since the court, at that time, further *reduced* appellant's sentence, he will not be heard to complain of error. Any error that may have been committed is harmless. That being so, we find no grounds upon which to reverse the judgment of the trial court.

3. Given the disposition of appellant's arguments on the merits, his complaint regarding the trial court's refusal to grant bail for the appeal is moot.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED OCTOBER 7, 1980 — DECIDED NOVEMBER 13, 1980.

*H. W. Vaughn, Jr.,* for appellant.
*Bryant Huff, District Attorney,* for appellee.