## A91A0309. ADAMS v. THE STATE.
(405 SE2d 537)

McMURRAY, Presiding Judge.

Defendant Adams appeals his conviction of the offenses of voluntary manslaughter, aggravated assault upon a peace officer, robbery by force, and possession of a firearm by a convicted felon. *Held*:

1. Defendant was sentenced on November 10, 1983, and a timely motion for new trial was filed by defendant's trial counsel. Defendant's trial counsel also filed a motion to remold sentence on December 28, 1983, filed a motion for judgment notwithstanding the verdict, and accomplished the return of defendant to the county jail for a period of time to permit consultation concerning the pending motion for new trial. Nonetheless, no hearing was held on the motion for new trial until July 3, 1990. The order filed July 5, 1990, denying defendant's motion for new trial, and also denying his motion for judgment notwithstanding the verdict and motion to remold the sentence, recited that defendant was represented by his trial counsel.

An order appointing defendant's appellate counsel was filed July 11, 1990. Thereafter, orders were entered providing appellate counsel additional time to file a notice of appeal and finally, authorizing an out-of-time appeal.

On appeal, most of defendant's six enumerations of error seek to reach a single incident at trial. Trial counsel took steps to assure that the record preserved the fact that the State used all of its peremptory challenges to strike blacks, but offered no objection or motion in this regard. Even though the trial of the case sub judice predated *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69), defendant contends that the law as it then existed should have precipitated a challenge to the prosecution's use of peremptory strikes in a racially discriminatory manner. Thus, defendant raises a claim of ineffective assistance of counsel.

" 'In the present case, appellate counsel did not represent [defendant] at trial or at the motion for new trial. Therefore, the requirement of *Thompson [v. State*, 257 Ga. 386 (359 SE2d 664)] that the issue of ineffectiveness must be raised at the time of the amended motion for new trial by a new attorney who files a motion for new trial does not preclude the issue here. . . . (T)he requirement of *Dawson v. State*, [258 Ga. 380 (369 SE2d 897) (1988)], that an evidentiary hearing must be requested at the time of an amended motion for new trial does not apply to a case where the appellate counsel did not participate in the motion for new trial, and the issue of ineffectiveness of counsel is raised for the first time on appeal. Although [defendant] should have by now filed a request for an evidentiary hearing, he is not barred from proceeding with his claim on this account. Since the claim was only raised on appeal, there was no opportunity for a hearing before the trial court; it is not unreasonable that the case be remanded for a hearing at this point.' *Johnson v. State*, 259 Ga. 428, 430 (3) (383 SE2d 115) (1989). Accordingly, this case must be remanded for an evidentiary hearing on the issue of the asserted ineffectiveness of [trial counsel]. 'If the trial court finds [defendant] was denied effective assistance of counsel, he will be entitled

to a new trial. If the court finds adversely to [defendant], [defendant's] right to appeal that order within thirty days is preserved. (Cit.)' *Brooks v. State*, 187 Ga. App. 92, 94 (2) (369 SE2d 349) (1988)." *Parrish v. State*, 194 Ga. App. 760, 762 (4) (391 SE2d 797).

2. Defendant also enumerates as error the conduct of the hearing on his motions, including his motion for new trial without the presence of any counsel to represent defendant. While the trial court's order, denying defendant's motions for new trial, to remold sentence, and for judgment notwithstanding the verdict, recited that defendant was represented by his trial counsel, the transcript of the hearing fails to show that an attorney representing defendant was present at the hearing on these motions.

Defendant's right to counsel attaches once judicial proceedings have been initiated against him and the accused is entitled to the representation of an attorney at all critical stages thereafter through an initial appeal. *State v. Simmons*, 260 Ga. 92, 93 (390 SE2d 43); *Thornton v. Ault*, 233 Ga. 172, 173 (210 SE2d 683). "A critical stage in a criminal prosecution is one in which a defendant's rights may be lost, defenses waived, privileges claimed or waived, or one in which the outcome of the case is substantially affected in some other way." *Ballard v. Smith*, 225 Ga. 416, 418 (2) (169 SE2d 329).

Although defendant's motion for judgment notwithstanding the verdict was not appropriate to a criminal case (*State v. Bilal*, 192 Ga. App. 185, 186 (384 SE2d 253)), the hearing on the remaining motions for new trial and to remold the sentence were critical stages in the prosecution of defendant at which he was entitled to be represented by counsel. Since counsel was not present at the hearing on these motions and there was no waiver of defendant's right to counsel, the trial court's order insofar as it denied defendant's motion for new trial and motion to remold sentence is vacated, and upon remand the trial court shall reconsider these motions. Defendant's right to appeal an adverse determination, as well as the resubmission of all other issues raised in this initial appeal, within 30 days of any such adverse determination is preserved.

*Judgment vacated and case remanded with direction. Sognier, C. J., and Andrews, J., concur.*

DECIDED APRIL 10, 1991.

*O. L. Collins*, for appellant.
*Michael C. Eubanks, District Attorney, Richard E. Thomas, Assistant District Attorney*, for appellee.