A98A1340. DAVIS v. THE STATE.
(505 SE2d 801)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of robbery and theft by taking on December 11, 1996. On March 20, 1997, defendant, acting pro se, filed a document entitled, "MOTION FOR OUT OF TIME APPEAL AND/OR EXTRAORDINARY MOTION FOR NEW

TRIAL." Defendant pertinently alleges in this motion that his trial attorney was ineffective because he did not file a timely notice of appeal from defendant's judgment of conviction and sentence.

Appellate counsel, representing himself as the Pulaski County public defender, entered an appearance for defendant on December 16, 1997, declaring that he was appointed to represent defendant "in his Motion for New Trial. . . ." On January 26, 1998, the trial court entered an order denying defendant's motion for out-of-time appeal and/or extraordinary motion for new trial, finding that defendant was advised of his appeal rights and that "defendant elected to discharge [his trial attorney], rather than have him file a motion for new trial or an appeal."

On February 11, 1998, defendant filed a notice of appeal designating that he "does hereby appeal . . . from the judgment and sentence entered on December 11, 1996. . . ." Defendant later filed an enumeration of error and brief in the Court of Appeals of Georgia, contending the evidence adduced at trial does not support his conviction. Defendant also enumerates ineffective assistance of counsel, arguing that his trial attorney did not call any witness to corroborate defendant's trial testimony and that his trial attorney did not attempt to impeach or diminish the credibility of the State's witnesses. Defendant did not enumerate error relating to the trial court's denial of his motion for out-of-time appeal and/or extraordinary motion for new trial. *Held*:

Under OCGA § 5-6-38 (a), a notice of appeal must be filed within 30 days after the entry of the appealable judgment, unless a motion for new trial, motion in arrest of judgment, or motion for judgment notwithstanding the verdict has been filed within that time period. This 30-day time requirement is jurisdictional and the failure to comply with it mandates dismissal of an appeal. *Watson v. State*, 202 Ga. App. 667 (415 SE2d 306). In the case sub judice, defendant did not file a motion for new trial, motion in arrest of judgment, or motion for judgment notwithstanding the verdict within 30 days after entry of his judgment of conviction and sentence. Defendant waited over three months after his conviction to file, pro se, a motion for out-of-time appeal and/or extraordinary motion for new trial. Although the order denying this motion appears to be directly appealable (*Bohannon v. State*, 262 Ga. 697 (425 SE2d 653)), defendant did not designate in his notice of appeal that he was appealing the denial of his motion for out-of-time appeal and/or extraordinary motion for new trial. Nor does he enumerate error relating to the trial court's reasons for denying this motion. Defendant instead enumerates error which would only have been appropriate for this Court's consideration in a timely appeal. This Court held in *Balkcom v. State*, 227 Ga. App. 327 (489 SE2d 129), that such "bootstrapping" cannot vest this

Court with jurisdiction to consider potential errors which could or should have been part of a direct appeal or timely motion for new trial. Id. at 331-332, supra. Accordingly, defendant's February 11, 1998, appeal from "the judgment and sentence entered on December 11, 1996[,]" must be dismissed as untimely.

Since an attorney other than defendant's trial attorney was appointed to represent defendant before the hearing on defendant's motion for out-of-time appeal and/or extraordinary motion for new trial, it appears unnecessary for this Court to follow the Supreme Court's directives in *Rowland v. State*, 264 Ga. 872, 874 (2) (452 SE2d 756).

*Appeal dismissed. Blackburn and Eldridge, JJ., concur.*

DECIDED AUGUST 11, 1998.

*Genelle, Jennings & Associates, Nicholas E. White*, for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.