## S01A1418. SHAHEED v. THE STATE.
(559 SE2d 466)

THOMPSON, Justice.

Farah Mahmood Shaheed pled guilty to felony murder and the trial court sentenced him to life in prison. In so doing, the trial court initially granted Shaheed first offender status. Several days later, after learning that it could not treat a murderer as a first offender,[1] the trial court amended Shaheed's sentence — in his absence — to show that the first offender status was removed.

Shaheed subsequently moved to withdraw his guilty plea. Following a hearing, the trial court denied Shaheed's motion. Shaheed

---

[1] See OCGA §§ 42-8-60; 17-10-6.1.

appeals asserting, inter alia, it was error for the trial court to amend the sentence in his absence.[2] We agree and reverse.

Our state Constitution guarantees a defendant the right to be present at every stage of a criminal proceeding to enable him to see and know personally what is transpiring in the case. Art. I, Sec. I, Par. XII, Constitution of the State of Georgia; *Goodroe v. State*, 224 Ga. App. 378, 380 (480 SE2d 378) (1997). " 'To say that no injury results when it appears that what occurred in [his] absence was regular and legal would, in effect, practically do away with this great and important right, one element of which is to see to it that what does take place is in accord with law and good practice.' [Cits.]" *Wilson v. State*, 212 Ga. 73, 75 (90 SE2d 557) (1955). Thus, where a defendant is resentenced, or where, as here, a sentence is amended, the defendant should be allowed to be present. *Williams v. Ricketts*, 234 Ga. 716 (217 SE2d 292) (1975). That is because a resentencing proceeding is a critical stage in which a defendant's rights may be lost, privileges may be claimed or waived, or in which the outcome of the case can be substantially affected. *Ballard v. Smith*, 225 Ga. 416, 418 (169 SE2d 329) (1969); *Adams v. State*, 199 Ga. App. 541, 543 (405 SE2d 537) (1991).

Of course, if resentencing only involves a ministerial function, a defendant need not be present. See *Williams v. Ricketts*, supra; *Jefferson v. State*, 209 Ga. App. 859, 860 (434 SE2d 814) (1993); *Green v. State*, 194 Ga. App. 343, 346 (7) (390 SE2d 285) (1990). In this case, however, the amendment to Shaheed's sentence was more than ministerial. Why? Because Shaheed originally was sentenced with the expectation that he may receive first offender treatment, and sentence was imposed accordingly.[3] When the trial court amended Shaheed's sentence to eliminate first offender status, it effectively imposed an enhanced sentence without informing Shaheed. This the trial court could not do because Shaheed had a right to rely upon the terms of the original sentencing document. See *Dean v. State*, 177 Ga. App. 123 (5) (338 SE2d 711) (1985) (defendant is entitled to rely upon sentencing document in absence of evidence of record that he was informed of anything contradictory *at the time of sentencing*). It follows that the imposition of a harsher sentence, in Shaheed's absence, was erroneous.

---

[2] Contrary to the State's position, we find that this argument *was* raised below. Even if it were not, it cannot be said that Shaheed waived his right to be present at all stages of the proceedings. See *Wilson v. State*, 212 Ga. 73 (90 SE2d 557) (1955) (counsel's waiver of defendant's right to be present is not binding unless it is made in his presence, or by his express authority).

[3] At the time of sentencing, the trial judge, as well as counsel for the State and Shaheed, all expressed doubts concerning the applicability of first offender treatment. Nevertheless, the trial judge awarded such treatment to Shaheed.

*Judgment reversed and case remanded. All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

Shaheed entered a guilty plea to felony murder, and his primary contention on appeal is that the trial court erred in denying his subsequent motion to withdraw that plea. However, the majority opinion does not purport to address that issue. Indeed, the Court cannot reverse on that basis, because there is no merit in the attack on the validity of the guilty plea. Instead, the majority simply holds that the trial court's imposition of a "harsher sentence" in Shaheed's absence was erroneous. Thus, the Court presumably reverses Appellant's life sentence and remands for the trial court to resentence him. I cannot agree because, unless and until the underlying guilty plea is withdrawn, life imprisonment is the *only* sentence that can lawfully be imposed in this case.

In cases where the law provides for only one possible legal punishment, the act of resentencing the defendant involves a ministerial function which can be performed in his absence. See *Sullivan v. State*, 229 Ga. 731, 732 (194 SE2d 410) (1972) (defendants under unlawful death sentence resentenced to lawful sentence of life imprisonment). Compare *Williams v. Ricketts*, 234 Ga. 716 (217 SE2d 292) (1975) (defendant entitled to be present at resentencing where possible sentence for motor vehicle theft varied from three to seven years). Because the State did not seek the death penalty, the only legal sentence for felony murder in this case was life imprisonment. OCGA § 16-5-1 (d). Today's opinion leaves Appellant's guilty plea and, consequently, his conviction for that crime extant. When the trial court subsequently correctly removed from the sentence the unauthorized first offender status, it then simply entered the only possible lawful sentence. On the remand ordered by the majority, that exact same sentence will be the only authorized disposition of the case. Accordingly, the anomalous result of today's decision is the vacation of the life sentence in order that the trial court can resentence Appellant to life imprisonment. Because nothing is accomplished by that except unnecessary delay, I dissent.

DECIDED FEBRUARY 4, 2002.

*Lawrence Lewis*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anna E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Daniel G. Ashburn, Assistant Attorney General*, for appellee.