A02A1740. SMITH v. THE STATE.
(571 SE2d 446)

JOHNSON, Presiding Judge.

This is an appeal from an order dismissing a motion to vacate the denial of a motion in arrest of judgment. The appeal is without merit, and we therefore affirm the order of the trial court.

On December 28, 1997, Donna Marie Smith was driving her car when she hit a deer. An off-duty police officer came upon the accident and called for assistance. A Cobb County police officer responded to the call and arrived to investigate the accident. When Smith told the officer that she did not have her driver's license with her, he asked for her birth date. She gave him a date, but the officer discovered that it was not her birth date, and he eventually determined that her driver's license was suspended.

The officer told Smith that he was going to take her into custody. Smith yelled that she was not going to jail and rolled up the window of her car, trapping the officer's hand in the window. Smith put the car's gearshift into drive and refused to release the officer's arm. The officer broke the window with his flashlight, reached into the car, shifted it into park and turned off the ignition. Smith refused to get out of the car, so the officer pulled her out of it. She struggled and threatened the officer as he handcuffed her and placed her into the back of his patrol car.

Smith was tried for and convicted of felony obstruction of an officer, giving a false birth date and driving with a suspended license. On October 15, 1998, the trial court entered its judgment of conviction and sentenced Smith to five years probation for the felony obstruction and imposed a twelve-month sentence for the misdemeanor offenses. On November 16, 1998, Smith filed a motion in arrest of judgment.

On March 30, 1999, the court found that Smith had not complied with the terms of her probated sentence, revoked her probation and sentenced Smith to serve twenty-four months in confinement followed by three years on probation. On May 17, 1999, Smith filed an untimely application for discretionary review of the probation revocation and resentencing order. But on June 4, 1999, this court dismissed that untimely application for lack of jurisdiction.

Then, on November 16, 1999, Smith filed a notice of appeal, asserting that her motion in arrest of judgment had been overruled in a letter from the trial court. On February 28, 2001, this court dismissed that appeal because the letter was not a final appealable order.

In the meantime, on February 13, 2001, the trial court held a hearing on the still-pending motion in arrest of judgment and that same day entered an order denying the motion. Eleven months later, on January 9, 2002, Smith moved to vacate and set aside the order denying her motion in arrest of judgment. The trial court dismissed that motion to vacate.

Smith then applied for discretionary review of the trial court's dismissal order. On March 28, 2002, this court ruled that the order Smith seeks to appeal from is not subject to the discretionary appeal procedure, but is directly appealable under OCGA § 5-6-34 (a) (1). And because Smith's discretionary application was timely filed, this court allowed the appeal pursuant to OCGA § 5-6-35 (j). Having reviewed the entire record, we conclude that the trial court did not err in dismissing Smith's motion to vacate and set aside the order denying her motion in arrest of judgment.

During the term of court in which it is rendered, a judgment of criminal conviction is still in the breast of the trial court and may be vacated for good cause shown.[1] But after the original term has passed, a motion to vacate and set aside the judgment of conviction is not an appropriate remedy in a criminal case; otherwise there would be no end to the case.[2]

Here, the trial court entered its judgment of conviction in October 1998 and denied the motion in arrest of judgment in February 2001. Smith then did not file her current motion to vacate and set aside for almost a year, well beyond the respective terms of court in which the judgment of conviction and the denial of the motion in arrest of judgment were entered.[3] Accordingly, the judgment of conviction is no longer in the breast of the trial court, and Smith's belated attempt to have it vacated and set aside is not an appropriate

---

[1] *Dorrough v. State*, 226 Ga. App. 362, 363 (1) (486 SE2d 644) (1997).

[2] Id.

[3] See OCGA § 15-6-3 (11).

remedy. The trial court therefore did not err in dismissing the motion to vacate and set aside the order denying the motion in arrest of judgment.

Moreover, even if the trial court had not properly dismissed the motion to vacate, Smith is unable to show any error in the denial of her motion in arrest of judgment. A motion in arrest of judgment can only be granted where there is a nonamendable defect on the face of the record, which consists of only the indictment, plea, verdict and judgment.[4] Smith has made no showing of any nonamendable defect on the face of the record. On the contrary, our review of the record reveals no nonamendable defects. The trial court thus did not err in denying Smith's motion in arrest of judgment.

Finally, we note that most of Smith's arguments concern alleged errors at trial or in the revocation of her probation. These sort of substantive arguments could have been properly raised only in timely appeals from the conviction and probation revocation. But because, as noted above, Smith did not timely file a notice of appeal from her 1998 conviction or timely apply for discretionary review of her probation revocation, these arguments are not properly before us.[5]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED SEPTEMBER 18, 2002.

Donna M. Smith, *pro se.*

Patrick H. Head, *District Attorney,* Dana J. Norman, *Assistant District Attorney,* for appellee.

---

[4] *Welborn v. State,* 232 Ga. App. 837-838 (1) (503 SE2d 85) (1998).
[5] See OCGA § 5-6-38 (a); *Davis v. State,* 233 Ga. App. 825, 826-827 (505 SE2d 801) (1998).