A05A2053. HAMMOND v. THE STATE.
(625 SE2d 503)

MILLER, Judge.

This is the second appearance of this case before us. In *Hammond v. State*, 255 Ga. App. 549 (565 SE2d 873) (2002), this Court affirmed Franklin Hammond's convictions for trafficking in methamphetamine and several other drug related offenses. See generally id. In this pro se appeal, Hammond contends that, although the trial

---

[9] *Lee v. Sears*, 223 Ga. App. 897 (479 SE2d 196) (1996).
[10] *U. S. Fidelity &c. Co. v. Navarre*, 147 Ga. App. 302 (248 SE2d 562) (1978).

court merged certain counts against him for sentencing purposes at his request, his sentence was nevertheless void. We discern no error and affirm.

The record reveals that, following a jury trial, Hammond was convicted of conspiracy to traffic in methamphetamine, trafficking in methamphetamine, conspiracy to manufacture methamphetamine, manufacturing methamphetamine, conspiracy to sell and distribute methamphetamine, and selling and distributing methamphetamine. See *Hammond,* supra, 255 Ga. App. at 549-550.[1]

Following his multiple convictions, Hammond filed a motion to correct his sentence, arguing that several of the counts against him should have merged for sentencing purposes. The trial court responded by (1) merging the conspiracy to traffic count into the trafficking count, (2) merging the conspiracy to manufacture count into the manufacturing count, (3) merging the conspiracy to sell and distribute count into the selling and distributing count, and (4) re-sentencing Hammond on the surviving counts.

Despite Hammond's several enumerations of error, the record reveals that the trial court properly merged the counts against him for sentencing purposes and appropriately resentenced him on the surviving counts. See *Hardin v. State,* 172 Ga. App. 232, 234 (1) (322 SE2d 540) (1984) (defendant cannot be convicted of both conspiracy to commit a crime and the same crime he conspired to commit). We find no merit to Hammond's argument that the trial court had no jurisdiction to resentence him on the surviving counts because such resentencing somehow illegally modified his original sentence.

We also find no harm in the trial court's resentencing of Hammond without Hammond being present. The resentencing was based on the proper merging of the conspiracy counts with crimes Hammond conspired to commit, and Hammond's sentence was not increased. See *Shaheed v. State,* 274 Ga. 716, 717 (559 SE2d 466) (2002) ("[I]f resentencing only involves a ministerial function, a defendant need not be present.") (citations omitted); see also *Westmoreland v. State,* 156 Ga. App. 444 (2) (274 SE2d 801) (1980) (even assuming error from defendant's absence at resentencing, no harm where sentence was reduced).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

---

[1] The specific facts relating to the underlying drug offenses are irrelevant to the current appeal and will not be restated here.

DECIDED DECEMBER 22, 2005 —
RECONSIDERATION DENIED JANUARY 6, 2006.

Franklin D. Hammond, *pro se.*
Peter J. Skandalakis, *District Attorney, Raymond C. Mayer, Assistant District Attorney,* for appellee.