S06A0951. ROBERTSON v. THE STATE.

(635 SE2d 138)

MELTON, Justice.

On March 9, 1995, Billy Ray Robertson was found guilty by a jury of conspiracy to commit burglary, burglary, conspiracy to commit armed robbery, armed robbery, and felony murder. At sentencing, the

---

trial court merged the conspiracy convictions with their substantive counterparts and sentenced defendant to life for felony murder, plus 20 consecutive years for armed robbery and an additional 20 consecutive years for burglary. Robertson appealed to this Court, and, in *Robertson v. State*, 268 Ga. 772 (493 SE2d 697) (1997), we affirmed his conviction. With regard to Robertson's sentence, however, we vacated his sentence for armed robbery only and remanded his case with specific instructions that the trial court merge the armed robbery conviction into the felony murder conviction.

On January 7, 2005, in Robertson's presence, the trial court resentenced Robertson in accordance with our opinion. Robertson contends, however, that his resentencing was improper because the trial court failed to appoint an attorney to represent him at the resentencing hearing. Because the trial court had no discretion in the matter and its resentencing of Robertson was a ministerial act, we affirm.

It is a well-established rule that a defendant has a right to appointed counsel at any critical stage of proceedings brought against him. See, e.g., *Gardner v. Florida*, 430 U. S. 349, 358 (97 SC 1197, 51 LE2d 393) (1977). It is equally established that sentencing, or resentencing, is such a critical stage at which a defendant is generally entitled to be present at the sentencing hearing and to be represented by counsel. Id. For example, in instances where a defendant's entire sentencing package has been vacated on appeal and, at resentencing, the trial court has full discretion to reconstruct the sentence and impose a more lenient punishment, the defendant retains a right to appointed counsel. *Hall v. Moore*, 253 F3d 624 (11th Cir. 2001). On the other hand, where the defendant's sentence is mandatory or fixed in such a way that, at resentencing, the trial court is without discretion, the resulting resentencing proceeding is purely ministerial, and it is unnecessary for the defendant to be present at the sentencing hearing or be represented by counsel. *Golden v. Newsome*, 755 F2d 1478, 1483, n. 9 (11th Cir. 1985). See also *Shaheed v. State*, 274 Ga. 716 (559 SE2d 466) (2002); *Sullivan v. State*, 229 Ga. 731 (194 SE2d 410) (1972); *Hammond v. State*, 277 Ga. App. 148 (625 SE2d 503) (2005) (defendant's presence not required at resentencing regarding merger).

After this Court affirmed Robertson's conviction and the majority of his sentence, his case was remanded to the trial court with specific instructions simply to merge his armed robbery conviction into his felony murder conviction. Only that portion of Robertson's sentence regarding his armed robbery conviction was vacated, and the remainder of his sentence was affirmed. Due to this Court's limited directive, the trial court was without discretion to reconstruct Robertson's sentencing package. It was required to simply revise

Robertson's sentence to conform with this Court's mandate. Therefore, in this case, the trial court's resentencing of Robertson was a ministerial act, and, as such, the resentencing could be performed in the absence of counsel acting on Robertson's behalf.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 18, 2006.

Billy Ray Robertson, *pro se.*

*Penny A. Penn, District Attorney, Thomas D. Lyles, Sandra A. Partridge, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.