A10A1328. McGRUDER v. THE STATE.
(705 SE2d 175)

SMITH, Presiding Judge.

Willie McGruder pled guilty to armed robbery and possession of a firearm during the commission of a crime. Following the dismissal of his motions to withdraw his guilty plea and to modify his sentence, McGruder appeals, acting pro se. For the following reasons, we affirm.

1. The trial court dismissed McGruder's pro se motions to withdraw his guilty plea and to modify his sentence on the ground that the motions were filed outside of the term in which his guilty plea and sentence were entered. To the extent McGruder challenges the dismissal of these motions, we find no error. McGruder entered his guilty plea on February 2, 2001, during the January term of Richmond County Superior Court. OCGA § 15-6-3 (5) (C). He filed his motions on June 26, 2009 and January 22, 2010, many years after the January 2001 term of court expired.

> The superior court's jurisdiction to entertain a motion to withdraw a guilty plea ends after the term of court in which the judgment of conviction was rendered. And it is well established that after the expiration of the term and of the time for filing an appeal from the conviction, the only remedy available to the defendant for withdrawing a plea is through habeas corpus proceedings.

(Citations and footnotes omitted.) *LaFette v. State*, 285 Ga. App. 516 (1) (646 SE2d 725) (2007). "Similarly, a trial court is without jurisdiction to modify a sentence after the expiration of the term of court during which the sentence was entered." (Citations, punctuation and footnote omitted.) *Fox v. State*, 241 Ga. App. 399 (527 SE2d 216) (1999). The trial court therefore did not err in dismissing

McGruder's motions to withdraw his guilty plea and to modify his sentence.[1] Id.; *LaFette*, supra.

2. McGruder argues that his plea must be set aside because the trial court failed to advise him of the waiver of his privilege against self-incrimination. He is in essence seeking to withdraw the plea on the ground that it was not knowing and voluntary. But as explained in Division 1, the trial court is without jurisdiction to allow the withdrawal of a guilty plea after the expiration of the term of court in which the defendant was sentenced. *Orr v. State*, 276 Ga. 91, 93 (2) (575 SE2d 444) (2003). Therefore, the only means now available to McGruder for challenging his guilty plea is through a petition for writ of habeas corpus. See id.

3. McGruder argues that his sentence is void because the trial court amended the sentence in his absence.[2] The record reveals that McGruder pled guilty to armed robbery and possession of a firearm during the commission of a crime and that the trial court sentenced him to a term of 15 years. The preprinted disposition form notes the guilty plea to both crimes, but in the sentence section of the form it states only "Fifteen (15) years." At a hearing held less than a month later in the presence of McGruder's counsel, but not McGruder himself, the trial court clarified McGruder's sentence: "I'm going to sentence him to 10 on the armed robbery, 5 on possession of the firearm during the commission of the crime. Going to remold that sentence from 15 to 10, give him an extra 5. So that's what I intended at the time. I intended for him to have 15 total years."

> [I]n instances where a defendant's entire sentencing package has been vacated on appeal and, at resentencing, the trial court has full discretion to reconstruct the sentence and impose a more lenient punishment, the defendant retains a right to appointed counsel. On the other hand, where the defendant's sentence is mandatory or fixed in such a way that, at resentencing, the trial court is without discretion, the resulting resentencing proceeding is purely ministerial, and it is unnecessary for the defendant to be present at the sentencing hearing or be represented by counsel.

(Citations and punctutation omitted.) *Robertson v. State*, 280 Ga.

---

[1] We will therefore not address McGruder's claim that he received ineffective assistance of counsel since that claim was a ground asserted in his properly dismissed motions.

[2] Although the trial court dismissed McGruder's motion to modify his sentence that was based on this same ground, we nevertheless address this enumeration to the extent that McGruder challenges the sentence as void. When a sentence is void, a trial court has jurisdiction to resentence the defendant at any time. See *Jones v. State*, 278 Ga. 669, 670-671 (604 SE2d 483) (2004).

885, 886 (635 SE2d 138) (2006). We hold that the court's resentencing here was purely ministerial and therefore could be performed in McGruder's absence. See id. Moreover, there could be no harm because the amended sentence is the same as McGruder's original sentence. See *Hammond v. State*, 277 Ga. App. 148, 149 (625 SE2d 503) (2005) (resentencing outside of defendant's presence based upon proper merger ministerial); *Westmoreland v. State*, 156 Ga. App. 444 (2) (274 SE2d 801) (1980) (no harm in resentencing without defendant present where amended sentence reduced original sentence).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED OCTOBER 15, 2010 —
RECONSIDERATION DENIED DECEMBER 14, 2010.

Willie McGruder, *pro se*.
Ashley Wright, *District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.