S11A0560. LAY v. THE STATE.

(710 SE2d 141)

NAHMIAS, Justice.

Jonah Lay appeals from the trial court's denial of his motion in arrest of judgment. We affirm.

1. In June 2004, Lay was convicted in Fulton County of felony murder and other crimes, and his trial counsel filed a notice of appeal to this Court. New appellate counsel was then appointed for Lay and filed a motion asking this Court to remand the case to the trial court to allow Lay to assert a claim of ineffective assistance of trial counsel. On June 16, 2005, we dismissed the appeal and remanded the case "for the limited purpose of allowing a claim of ineffective assistance of trial counsel to be raised and heard at the earliest practicable time." Case No. S05A1469. Eleven days later, appellate counsel sent Lay a letter indicating that another lawyer from the public defend-

er's office would be representing Lay, but the record does not reflect that new counsel ever appeared or that an ineffectiveness claim has been raised or heard in the nearly six years since our remand order.[1] Lay, however, has filed various pro se motions in the intervening years, including an August 3, 2010, motion in arrest of judgment. That motion asserted that Lay's indictment was substantively defective because it did not set forth the essential elements of the "charged offense." On August 16, 2010, the trial court summarily denied the motion, and Lay timely appealed that ruling.

2. This case raises a question of appellate jurisdiction to which we have suggested but never squarely stated the answer. See *Sanders v. State*, 280 Ga. 780, 782 (631 SE2d 344) (2006) (explaining that "it is the duty of this Court to inquire into its jurisdiction in any case in which there may be a doubt about the existence of such jurisdiction"). Under OCGA § 17-9-61 (a), a motion in arrest of judgment must be based on a non-amendable defect that appears on the face of the record or pleadings and "must be made during the term at which the judgment was obtained." OCGA § 17-9-61 (b). Lay raised a proper ground for a motion in arrest of judgment by claiming that his indictment failed to allege an essential element of the crime. See *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004) (holding that such a claim is "cognizable in a motion in arrest of judgment"). And a trial court's ruling on a motion in arrest of judgment is normally directly appealable to whichever appellate court has subject-matter jurisdiction over the case. See *Orr v. State*, 275 Ga. 141 (562 SE2d 498) (2002). Lay's motion, however, was extremely untimely, as it was filed in August 2010, many terms of court past the term in which he was convicted in June 2004. We must therefore decide whether the *untimely* filing of a motion in arrest of judgment precludes a defendant from appealing the trial court's ruling on the motion.

On several occasions, this Court has addressed the merits of, rather than dismissing, direct appeals from trial courts' rulings on untimely filed motions in arrest of judgment, without discussing this jurisdictional issue. See *Wright*, 277 Ga. at 811 (affirming the denial of an untimely motion in arrest of judgment); *Orr*, 275 Ga. at 141 (same); *Lacey v. State*, 253 Ga. 711, 711 (324 SE2d 471) (1985)

---

[1] The status of the direct appeal of Lay's conviction is therefore uncertain. Lay may have decided not to pursue an ineffectiveness of trial counsel claim or a direct appeal. However, if the delay in asserting the claim or the appeal is due to the absence or ineffectiveness of the appellate counsel to which Lay is constitutionally entitled, he may be entitled to raise the claim in the trial court or to pursue a direct appeal. See *Rowland v. State*, 264 Ga. 872, 875 (452 SE2d 756) (1995) (holding that a defendant is entitled to an out-of-time appeal if the failure of his initial appeal is the fault of appellate counsel).

(same). Today, we expressly hold that the untimely filing of a motion in arrest of judgment in the trial court is not a defect in *appellate* jurisdiction that will subject to dismissal an appeal from the trial court's ruling on such a motion, as would an untimely filed notice of appeal. See *Ferguson v. Freeman*, 282 Ga. 180, 181 (646 SE2d 65) (2007) (holding that "a proper and timely-filed notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court"). Instead, the untimeliness of the motion is simply a defect that limits the *trial court's* authority to grant the motion.

We have reached the same result in a similar situation. A motion to withdraw a guilty plea must be filed within the same term of court as the sentence entered on the guilty plea. See *Dupree v. State*, 279 Ga. 613, 614 (619 SE2d 608) (2005); *Rubiani v. State*, 279 Ga. 299, 299 (612 SE2d 798) (2005). We have held that, if a motion to withdraw a guilty plea is not timely filed, " 'the trial court lacks jurisdiction to allow the withdrawal of the plea.' " *Rubiani*, 279 Ga. at 299 (citation omitted). Consistent with the view that such untimeliness limits the trial court's authority to grant relief rather than the appellate court's authority to decide an appeal of such an order, we have reviewed the merits of the trial court's ruling in these cases. See *Dupree*, 279 Ga. at 614 (affirming the trial court's dismissal of the motion to withdraw); *Rubiani*, 279 Ga. at 299 (same).[2]

3. Pursuant to our jurisdictional holding, we proceed to address and affirm the trial court's denial of Lay's motion, as it was clearly untimely.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 16, 2011.

Jonah B. Lay, *pro se.*

Paul L. Howard, Jr., District Attorney, Paige R. Whitaker, Arthur C. Walton, Assistant District Attorneys, Thurbert E. Baker, Attorney

---

[2] In the event that a criminal defendant labels a pleading as a "motion in arrest of judgment" but it is in substance some other type of motion, the appealability of the trial court's ruling on the motion will turn on the substance of the motion. See *Johnson v. RLI Ins. Co.*, 288 Ga. 309, 310 (704 SE2d 173) (2010) (holding that " 'the appealability of an order is determined, not by its form or the name given to it by the trial court, but rather by its substance and effect' " (citation omitted)). For example, if a defendant labels a motion as one in arrest of judgment, but in substance it is " 'a petition to vacate or modify a judgment of conviction,' " which " '(is) not an appropriate remedy in a criminal case,' " the appeal would be dismissed. *Williams v. State*, 287 Ga. 192, 192 (695 SE2d 244) (2010) (quoting *Harper v. State*, 286 Ga. 216, 217 (686 SE2d 786) (2009)).

*General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.