## A11A0577. SKIPPER v. THE STATE.

(712 SE2d 637)

SMITH, Presiding Judge.

Jerry Lee Skipper pled guilty to armed robbery, attempted armed robbery, kidnapping, theft by taking, and three counts of aggravated assault. Following the denial of his amended motion for an out-of-time appeal and amended out-of-time motion to withdraw his guilty plea, Skipper appeals, citing several claims of error. Having reviewed these claims, we find no error and affirm.

1. Skipper contends that the trial court erred in finding that he was informed of his right not to incriminate himself and in finding that he entered his guilty plea knowingly, intelligently, and voluntarily. He is in essence seeking to withdraw his plea on these grounds. But as explained in the trial court's order, the court is without jurisdiction to allow the withdrawal of a guilty plea after the expiration of the term of court in which the defendant was sentenced. *Orr v. State*, 276 Ga. 91, 93 (2) (575 SE2d 444) (2003). The only means now available for Skipper to challenge his guilty plea is through a petition for writ of habeas corpus. *McGruder v. State*, 307 Ga. App. 379, 380 (2) (705 SE2d 175) (2010).

2. Skipper contends that the trial court erred in accepting his guilty plea during the pendency of his federal habeas corpus claim. During the plea hearing, Skipper's counsel stated: "[Skipper] also filed, as the Court's aware, a habeas corpus action with the federal court. The habeas corpus action has been stayed by the Magistrate

Judge up there as not being final on the State level yet." The trial court's order states: "The [c]ourt is unaware of what claims [Skipper] alleged in his pro se federal habeas corpus claim. The allegations set out in such federal petition are not part of the record before this [c]ourt."

In light of trial counsel's statement that the federal habeas action was stayed pending the outcome of the state proceeding, and in the absence of a copy of the federal habeas petition in the record, cf. *Owen v. Watts*, 296 Ga. App. 449, 451, n. 6 (674 SE2d 665) (2009), Skipper has failed to show error.

3. Skipper contends that the trial court erred in denying the ineffective assistance of counsel claim raised in his motion for an out-of-time appeal. Skipper has the burden of showing that he is entitled to an out-of-time appeal. He has "to show that he actually had a *right* to file a timely direct appeal which was frustrated by the ineffective assistance of his counsel." (Citation and punctuation omitted; emphasis in original.) *Barnes v. State*, 274 Ga. 783 (559 SE2d 446) (2002). But Skipper's ineffectiveness claims concern only the actions of plea counsel prior to and during his plea. The trial court therefore correctly denied the amended motion for an out-of-time appeal, and Skipper's only available remedy for his ineffectiveness claim is habeas corpus. See *Barlow v. State*, 282 Ga. 232, 233-234 (647 SE2d 46) (2007).

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED JUNE 22, 2011.

*Crawford & Boyle, Eric C. Crawford*, for appellant.
*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.