### A11A2030. STOKES v. THE STATE.
(723 SE2d 4)

MILLER, Judge.

In August 2010, George Stokes pled guilty to two counts of voluntary manslaughter (OCGA § 16-5-2 (a)) and one charge of arson in the first degree (OCGA § 16-7-60 (a) (1)). In March 2011, Stokes filed a pro se motion in arrest of judgment, which the trial court dismissed as being untimely filed.[1]

Stokes, proceeding pro se on appeal, contends that his convictions were void because the indictment was defective for failing to charge proper venue, the two convictions for voluntary manslaugh-

---

[1] The trial court alternatively found that it would deny the motion on the merits even if the motion had been timely filed.

ter should have merged under OCGA § 16-1-7 (a), and he entered his guilty plea unknowingly since he was not informed of the defective indictment. We discern no error and affirm.

A motion in arrest of judgment is one means by which a defendant may raise a general demurrer to challenge the validity of an indictment. See *Shelton v. State*, 307 Ga. App. 599, 603 (3) (b) (705 SE2d 699) (2011) (where no general demurrer was interposed and judgment of conviction was entered, a motion in arrest of judgment or habeas corpus are the only remedies available to challenge the validity of the indictment). However, "[a] motion in arrest of judgment must be made during the term at which the judgment was obtained." OCGA § 17-9-61 (b); *Johnson v. State*, 298 Ga. App. 639, 645 (4) (a) (680 SE2d 675) (2009). Here, the judgment of conviction was entered on August 3, 2010, during the trial court's August term. OCGA § 15-6-3 (24) (A). Stokes did not file his motion for arrest of judgment until March 17, 2011, which was during the February term of court. Id. Consequently, Stokes's motion was not timely filed. See OCGA § 17-9-61 (b); *Lay v. State*, 289 Ga. 210, 211 (2) (710 SE2d 141) (2011).

Moreover, the substance of Stokes's contention is properly construed as a challenge to his convictions — rather than his sentences — and therefore, the issue is not properly before us. We note that a void sentence may be challenged at any time. See *Spencer v. State*, 309 Ga. App. 630, 630 (2) (710 SE2d 837) (2011). But, here, Stokes does not contend that his sentence imposed a greater punishment than the law allows. Stokes's claim that he was not informed that the indictment failed to charge venue, a critical element of the offense, "relates to the validity of his conviction, not his sentence, and thus cannot support a void sentence claim." *Ward v. State*, 311 Ga. App. 53, 53-54 (714 SE2d 731) (2011). Additionally, "a claim that a charge should have merged under OCGA § 16-1-7 is a specific attack on the conviction." *Williams v. State*, 287 Ga. 192, 193 (695 SE2d 244) (2010). Consequently, "if a defendant labels a motion as one in arrest of judgment, but in substance it is a petition to vacate or modify a judgment of conviction, which is not an appropriate remedy in a criminal case, the appeal [must] be dismissed." (Citation and punctuation omitted.) *Lay*, supra, 289 Ga. at 212 (2), n. 2.

Since Stokes's motion was not timely filed, habeas corpus is the only means now available for challenging his guilty plea. See *McGruder v. State*, 307 Ga. App. 379, 380 (2) (705 SE2d 175) (2010). Therefore, we affirm the trial court's dismissal of Stokes's motion.

*Judgment affirmed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED JANUARY 18, 2012 —
RECONSIDERATION DENIED FEBRUARY 7, 2012.

George J. Stokes, *pro se.*
S. *Hayward Altman, District Attorney*, for appellee.