**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 27, 2012

# In the Court of Appeals of Georgia

A12A0004. PILGRIM v. THE STATE.

BARNES, Presiding Judge.

On June 3, 2009, Abedi Pilgrim entered a non-negotiated guilty plea to six counts of armed robbery and six counts of aggravated assault. He was sentenced to 40 years, to serve 20. On June 22, 2009, Pilgrim, pro se, filed a motion to withdraw his guilty plea and for appointment of counsel. At a June 26, 2009 hearing, Pilgrim withdrew his motions to withdraw guilty plea and for appointment of new counsel, and was re-sentenced to 30 years, with 12 to serve. On August 30, 2010, Pilgrim filed a motion to vacate a void sentence, which the trial court denied on September 1, 2010. Pilgrim, thereafter, on January 27, 2011 filed a motion for an out-of-time appeal to appeal the denial of the motion to vacate his sentence, which the trial court denied on February 2, 2011. On June 24, 2011, Pilgrim filed an extraordinary motion

in arrest of judgment alleging that the indictment failed to properly establish venue, which the trial court denied. It is from that order that he appeals, contending that his indictment was flawed in multiple ways, including that it lacked the essential elements of the crimes charged, and failed to state the proper venue.

A motion in arrest of judgment must be based on a non-amendable defect that appears on the face of the record or pleadings and "must be made during the term at which the judgment was obtained." OCGA § 17-9-61 (b); *Lay v. State*, 289 Ga. 210, 211 (2) (710 SE2d 141) (2011). Pilgrim's motion in arrest of judgment was not filed in the term in which the judgment was obtained, and was thus untimely. Under OCGA § 15-6-3 (20), the terms of court for the Superior Court of Gwinnett County commence on the "First Monday in March, June, and December and second Monday in September." Pilgrim's conviction occurred in the June term of 2009, but he filed his motion in June of 2011.

> The untimely filing of a motion in arrest of judgment in the trial court is not a defect in *appellate* jurisdiction that will subject an appeal from the trial court's ruling on such a motion to dismissal, as would an untimely filed notice of appeal. Instead, the untimeliness of the motion is simply a defect that limits the *trial court's* authority to grant the motion.

2

*Lay* , 289 Ga. at 212 (2).

Thus, as Pilgrim's motion was clearly untimely, the trial court did not have authority to grant the motion, and accordingly did not err in denying his motion. We affirm the trial court's denial, and advise Pilgrim that habeas corpus is the only means now available for challenging his guilty plea. See *McGruder v. State*, 307 Ga. App. 379, 380 (2) (705 SE2d 175) (2010).

*Judgment affirmed. Adams and McFadden, JJ., concur.*