**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**August 24, 2012**

# In the Court of Appeals of Georgia

A12A1380. TATE v. THE STATE.

BARNES, Presiding Judge.

Proceeding pro se, Christopher Tate appeals the trial court's order denying his extraordinary motion in arrest of judgment. He contends that the court erred because his indictment failed to charge "proper venue," he was improperly convicted and sentenced, and his guilty plea was involuntary and not intelligent because he was not informed of the essential elements of the charge against him. For the reasons that follow, we affirm.

Tate was indicted for statutory rape, sodomy, aggravated child molestation, and two counts of child molestation. Pursuant to a negotiated plea, the trial court accepted Tate's plea of guilty to statutory rape and granted the State a nolle prosequi order on

the other counts. Tate was sentenced on August 12, 2010 to 15 years, 7 to be served in confinement followed by 8 on probation with special conditions.

In March 2011, Tate filed an extraordinary motion in arrest of judgment, which the trial court dismissed a week later because the motion included no certificate of service. In April 2011, Tate filed a second motion in arrest of judgment, this time including a certificate of service, and the trial court ordered a hearing on the motion in late May 2011. Before the hearing, Tate filed a motion seeking court-appointed counsel to represent him at the upcoming hearing, which the trial court denied because the proceeding did not involve a direct appeal for which appointed counsel was required.

The record does not indicate whether a hearing was held or not, but in July 2011, Tate filed a notice of appeal, stating his desire to appeal "from the judgment of conviction and sentence entered." This court dismissed the appeal in October 2011 on jurisdictional grounds because Tate filed the appeal more than 10 months from the judgment of conviction and sentenced entered on him, and more than 30 days after the trial court's March 2011 order on Tate's first motion in arrest of judgment. We noted that the record contained no order disposing of Tate's second motion in arrest of judgment.

2

The trial court subsequently issued a thoughtful, detailed order denying Tate's second extraordinary motion in arrest of judgment. The court addressed all of the arguments in the motion, holding first that because place was not an element of any of the offenses charged, the indictment sufficiently charged him with having committed the offenses in Whitfield County. Second, the court held that Tate was not improperly convicted of more than one crime for the same conduct, because he pled guilty to and was sentenced for only one crime, statutory rape. Finally, the court held that Tate's could not withdraw his guilty plea because the indictment was not void, his plea was voluntary, and he filed his motion after the term in which he was sentenced.

Tate appeals this order, arguing that the State failed to charge venue, the charge against him was not supported by the evidence, and his plea was involuntary. We affirm, because "under OCGA § 17-9-61 (a), a motion in arrest of judgment must be based on a non-amendable defect that appears on the face of the record or pleadings and 'must be made during the term at which the judgment was obtained.' OCGA § 17-9-61 (b)." *Lay v. State*, 289 Ga. 210, 211 (2) (710 SE2d 141) (2011). While Tate raised a proper ground for a motion in arrest of judgment by claiming that his indictment failed to allege an essential element of the crime, his motion was made

3

outside the term of court in which he pled guilty. In Whitfield County, the January Term begins on the second Monday of that month, and the July Term begins on the second Monday of that month. OCGA § 15-6-3 (12) (B). Tate entered his guilty plea in August 2010, during the July 2010 term, but did not file even his first motion in arrest of judgment until March 2011, during the January 2011 term. Accordingly, the motion was untimely and the trial court did not err in denying it. *Thomas v. State*, 291 Ga. 18 (727 SE2d 123) (2012).

*Judgment affirmed. Adams and McFadden, JJ., concur.*