# Court of Appeals
# of the State of Georgia

ATLANTA,   August 22, 2013   

*The Court of Appeals hereby passes the following order:*

**A13A2371.  JAMES NEWTON v. THE STATE.**

A jury found James Newton guilty of two counts of aggravated child molestation, two counts of child molestation, and one count of aggravated sexual battery, and his convictions were affirmed in an unpublished opinion. See *Newton v. State*, Case Number A04A1656, decided Sept. 2, 2004.  In 2011, Newton filed a Motion in Arrest of Judgment, which the trial court denied on May 6, 2011.  Newton seeks to appeal this ruling.

The denial of a motion in arrest of judgment may be appealed directly.  See *Lay v. State*, 289 Ga. 210, 211 (2) (710 SE2d 141) (2011).  In determining whether Newton filed such a motion, we look to the substance of the motion rather than it's nomenclature.  See id. at 212 n.2 ("In the event that a criminal defendant labels a pleading as a 'motion in arrest of judgment' but it is in substance some other type of motion, the appealability of the trial court's ruling on the motion will turn on the substance of the motion").

Pursuant to OCGA § 17-9-61 (a), a motion in arrest of judgment is a means of challenging a non-amendable defect appearing "on the face of the record or pleadings."  In the criminal context, it permits a defendant to challenge the indictment, plea, verdict or judgment.  See *Smith v. State*, 257 Ga. App. 468, 469 (571 SE2d 446) (2002). In Newton's motion, he does not allege any non-amendable defect.  Rather, his motion in substance is one seeking to set aside an allegedly void conviction. As the Supreme Court has made clear, a post-conviction motion to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial

court's ruling on such a petition should be dismissed.   See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). For these reasons, Newton's appeal is hereby DISMISSED.  See id.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,*  08/22/2013
        *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ , *Clerk.*