# Court of Appeals
# of the State of Georgia

ATLANTA,   March 31, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1255.  CORNELIO RAMIREZ v. THE STATE.**

In 2011, Cornelio Ramirez pled guilty to cocaine trafficking and was sentenced to 25 years' imprisonment and ordered to pay a $1,000,000 fine.  In 2014, Ramirez filed a motion styled "Extraordinary Motion in Arrest of Judgment" in which he argued that his motion to suppress should have been granted and that his "void judgment" should be corrected.  The trial court denied the motion, and Ramirez appeals.  We, however, lack jurisdiction.

The denial of a motion in arrest of judgment may be appealed directly.  See *Lay v. State*, 289 Ga. 210, 211 (2) (710 SE2d 141) (2011).  In determining whether Ramirez filed such a motion, we look to the substance of the motion rather than its nomenclature.  See id. at 212 n.2 ("In the event that a criminal defendant labels a pleading as a 'motion in arrest of judgment' but it is in substance some other type of motion, the appealability of the trial court's ruling on the motion will turn on the substance of the motion").

Pursuant to OCGA § 17-9-61 (a), a motion in arrest of judgment is a means of challenging a non-amendable defect appearing "on the face of the record or pleadings."  See *Smith v. State*, 257 Ga. App. 468, 469 (571 SE2d 446) (2002). In his motion, Ramirez did not allege any non-amendable defect on the face of the record. Rather, his motion in substance is one seeking to set aside an allegedly void conviction. As the Supreme Court has made clear, a post-conviction motion to vacate an allegedly void criminal conviction is not one of the established procedures for

challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). For these reasons, Ramirez's appeal is hereby DISMISSED. See id.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 03/31/2014
        *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_Stephen E. Castlen_ , *Clerk.*