# Court of Appeals
# of the State of Georgia

ATLANTA, September 09, 2014

*The Court of Appeals hereby passes the following order:*

## A14A2222. RICHARD CLARK v. THE STATE.

In 2013, Richard Clark pled guilty to cocaine trafficking, obstruction of a law enforcement officer, and possession of drug-related objects. He was sentenced to 25 years' imprisonment and ordered to pay a $35,000 fine. Clark subsequently filed a motion for an out-of-time appeal, which the trial court denied. Clark filed a direct appeal from that ruling, but we dismissed his appeal as untimely. *Clark v. State*, Case No. A14A1466 (dismissed May 5, 2014). On June 4, 2014, Clark filed a motion styled "Extraordinary Motion in Arrest of Judgment" in which he argued that his plea was involuntary and he received ineffective assistance of counsel. In the motion, Clark specifically requested that the court declare his guilty plea void and "vacate his convictions." The trial court denied the motion, and Clark appeals. We, however, lack jurisdiction.

The denial of a motion in arrest of judgment may be appealed directly. See *Lay v. State*, 289 Ga. 210, 211 (2) (710 SE2d 141) (2011). In determining whether Clark filed such a motion, we look to the substance of the motion rather than its nomenclature. See id. at 212 n.2 ("In the event that a criminal defendant labels a pleading as a 'motion in arrest of judgment' but it is in substance some other type of motion, the appealability of the trial court's ruling on the motion will turn on the substance of the motion").

Pursuant to OCGA § 17-9-61 (a), a motion in arrest of judgment is a means of challenging a non-amendable defect appearing "on the face of the record or pleadings." See *Smith v. State*, 257 Ga. App. 468, 469 (571 SE2d 446) (2002). In his motion, Clark did not allege any non-amendable defect on the face of the record.

Rather, his motion in substance is one seeking to set aside an allegedly void conviction. As the Supreme Court has made clear, a post-conviction motion to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed.   See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). For these reasons, Clark's appeal is hereby DISMISSED. See id.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,* <u>09/09/2014</u>
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____ *, Clerk.*