# Court of Appeals
# of the State of Georgia

ATLANTA,  March 24, 2021

*The Court of Appeals hereby passes the following order:*

**A21A0317. WILLIE GENE OWENS v. THE STATE.**

In 2011, Willie Gene Owens was convicted of four counts of aggravated child molestation and one count of aggravated sexual battery. The trial court sentenced Owens as follows:

> COUNT(S) 1, 2, 3, 4, 5 THE DEFENDANT IS SENTENCED AS FOLLOWS: 55 YEARS PRISON TERM: It is ordered that the defendant is hereby sentenced to confinement for a period of 55 years in the State penal system or other institution . . . LIFE SENTENCE PROBATION TERM: It is further ordered that the defendant is hereby sentenced to a period of a life sentence following any period of confinement set forth above. . . . ALL COUNTS TO RUN CONCURRENT WITH EACH OTHER.

We affirmed Owens's convictions in an unpublished opinion. See *Owens v. State*, Case No. A13A0660, decided July 2, 2013. Owens later filed a pro se motion arguing that the trial court failed to split his sentence and the evidence was insufficient to sustain his conviction. The trial court denied motion. Owens filed this direct appeal. The State has filed a motion to dismiss the appeal, arguing that Owens's sentence is valid and that he is improperly seeking a second appeal from his conviction. We lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in

fact, void. See *Harper v. State*, 286 Ga. 216, 217, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Owens's 5 sentences of 55 years to serve and then life probation for each of his 5 convictions fall within the statutory range of punishment. See OCGA § 16-6-4 (d) (1) (sentence for person convicted of aggravated child molestation shall be "imprisonment for life or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life"); OCGA § 16-6-22.2 (c) (sentence for person convicted of aggravated sexual battery shall be "imprisonment for life or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life"). Accordingly, Owens has not raised a colorable argument that his sentence is void, and the trial court's denial of his motion is not subject to direct appeal. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).

Owens also makes a passing argument in his motion that the evidence was insufficient to support his conviction. After a criminal conviction has been affirmed, a defendant seeking to challenge his conviction has three available remedies: he may file an extraordinary motion for new trial, a motion in arrest of judgment, or a petition for habeas corpus. *Harper*, 286 Ga. at 217 (1). None of these potential remedies offer a viable direct appeal in this case. First, to the extent Owens's motion may be construed as an extraordinary motion for new trial, we lack jurisdiction to review the trial court's order on direct appeal because an order denying an extraordinary motion for a new trial must be appealed by application for discretionary appeal. See OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997).

Second, the motion cannot be construed as a motion in arrest of judgment, as such motions "must be based on a non-amendable defect that appears on the face of the record or pleadings and must be made during the term at which the judgment was obtained." *Lay v. State*, 289 Ga. 210, 211 (2) (710 SE2d 141) (2011) (punctuation omitted). Finally, the motion cannot be construed as a habeas corpus petition, as it was filed in the convicting court, rather than in the county in which Owens is incarcerated. See *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004).

Accordingly, the State's motion to dismiss is GRANTED and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,__03/24/2021_____*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*