## S11A0393. HOWARD v. THE STATE.
(710 SE2d 761)

MELTON, Justice

After being convicted of murder on October 4, 1996, Michael Deathony Howard filed a timely motion for new trial, which was denied on August 14, 2004. Howard's conviction was affirmed on appeal. See *Howard v. State*, 279 Ga. 166 (611 SE2d 3) (2005). On June 26, 2009, Howard filed a motion to vacate void indictment, judgment, and sentence, and this motion was denied by the trial court on July 9, 2009. Howard's appeal from that judgment was dismissed by this Court. See Case No. S10A0028 (dismissed December 1, 2009). On April 23, 2010, Howard filed a motion in arrest of judgment alleging that his indictment was void. The trial court dismissed that motion as untimely on April 30, 2010. Howard filed an appeal from that judgment (see Case No. S11A0392), but the trial court dismissed the appeal based on Howard's failure to pay appeal costs. Accordingly, this Court dismissed Howard's appeal in Case No. S11A0392. See Case No. S11A0392 (dismissed January 19, 2011). Howard's current pro se appeal involves the propriety of the trial court's dismissal of his appeal from the trial court's April 30, 2010 order for failure to pay appeal costs.[1] We affirm.

1. In his brief, Howard repeats several of the same arguments that he advanced in his prior dismissed appeals. Because Howard cannot re-litigate here the same issues that were dismissed in his prior appeals, these claims will not be considered. See *Norris v. Norris*, 281 Ga. 566 (2) (642 SE2d 34) (2007) (where husband raised same issue in cross-appeal that he had raised in prior application for appeal that was dismissed, claim was barred by res judicata and cross-appeal was dismissed).

2. The only argument that Howard presents that is relevant to the present issue is his claim that the trial court erred in dismissing his appeal for failure to pay costs because he asked the trial court to allow him to proceed in forma pauperis. However, pretermitting whether the trial court erred in dismissing the appeal based on Howard's failure to pay costs, the record conclusively reveals that Howard could not have suffered any harm from such error. Indeed, even if the trial court had not dismissed Howard's appeal from the dismissal of his motion in arrest of judgment, Howard's appeal would

---

[1] Howard filed an application for discretionary appeal from the dismissal order (see Case No. S11D0104 decided September 30, 2010), but, as he was entitled to a direct appeal from that order, this Court granted the application pursuant to OCGA § 5-6-35 (j). See also *Lay v. State*, 289 Ga. 210 (710 SE2d 141) (2011); *American Med. Security Group v. Parker*, 284 Ga. 102 (2) (663 SE2d 697) (2008) (trial court's order dismissing a direct appeal is subject to direct appeal if the underlying case was properly subject to direct appeal).

have failed as a matter of law. Specifically, as Howard concedes in his brief, he was required to file his motion in arrest of judgment "within the term of court in which the judgment was rendered. OCGA § 17-9-61 (b)." (Citation and punctuation omitted.) *Thompson v. State*, 286 Ga. 889, 890 (2) (692 SE2d 379) (2010). Because Howard filed his motion several years after the term of court in which he was convicted of his crimes, it was untimely, and an appeal from such an untimely motion would fail as a matter of law. See *Dasher v. State*, 285 Ga. 308, 310 (2) (676 SE2d 181) (2009). In any event, Howard has provided no basis for a finding of any inadequacy in his indictment or his conviction, which further reveals that the arguments that he has raised with respect to his motion in arrest of judgment are without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 16, 2011.

Michael D. Howard, *pro se.*

*David McDade, District Attorney, James A. Dooley, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.