### S11A1327. JOHNSON v. THE STATE.
(722 SE2d 699)

HINES, Justice.

Melvin Lee Johnson appeals from the trial court's denial of his motion in arrest of judgment. For the reasons that follow, we affirm.

Johnson was indicted in Randolph County in November 2009 on multiple counts. The case was set for a jury trial, but on September 1, 2010, Johnson entered a negotiated guilty plea to one count of malice murder. On September 3, 2010, per the plea agreement, Johnson was sentenced to life in prison with the possibility of parole for malice murder; the trial court entered an order of nolle prosequi on the remaining counts of the indictment, which were felony murder, aggravated assault, and possession of a firearm during the commission of a crime. On March 7, 2011, Johnson filed his motion in arrest of judgment in the superior court, asserting that the indictment failed to allege venue as to each charge. The motion was denied on March 14, 2011, and as "a trial court's ruling on a motion

in arrest of judgment is normally directly appealable to whichever appellate court has subject-matter jurisdiction over the case [cit.]," *Lay v. State*, 289 Ga. 210, 211 (2) (710 SE2d 141) (2011), Johnson appealed to this Court.

Johnson's motion raised what would be a proper ground for a motion in arrest of judgment. *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). However,

> [u]nder OCGA § 17-9-61 (a), a motion in arrest of judgment must be based on a non-amendable defect that appears on the face of the record or pleadings and "must be made during the term at which the judgment was obtained." OCGA § 17-9-61 (b).

*Lay*, supra.

Johnson's motion in arrest of judgment was not filed in the term at which the judgment was obtained, see OCGA § 15-6-3 (31),[1] and was thus untimely.[2] The untimely motion is "a defect that limits the *trial court's* authority to grant the motion." *Lay*, supra at 212 (2) (Emphasis in original.). In such circumstances, this Court affirms the denial of the untimely motion in arrest of judgment. Id. at 212 (3).[3]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 23, 2012 —
RECONSIDERATION DENIED FEBRUARY 27, 2012.

Melvin L. Johnson, *pro se.*
T. Craig Earnest, District Attorney, Mark C. Post, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.

---

[1] Under OCGA § 15-6-3 (31), the terms of court for the Superior Court of Randolph County commence on the "Second Monday in May and November." Johnson's conviction occurred in the May term of 2010, but he filed his motion in the succeeding November term.

[2] Although Johnson styled his motion in the trial court "Extraordinary Motion in Arrest of Judgment," there is no such vehicle, and denominating the motion in that manner does not avoid the timely filing requirement of OCGA § 17-9-61 (b). See generally *Lay*, supra at 212 (2); *Harper v. State*, 286 Ga. 216, 217 (1) (686 SE2d 786) (2009).

[3] When a trial court is faced with an untimely motion in arrest of judgment, it may be more appropriate for the trial court to dismiss the motion than to deny it. See *Howard v. State*, 289 Ga. 207 (710 SE2d 761) (2011); *Haupt v. State*, 290 Ga. App. 616, 619, n. 1 (660 SE2d 383) (2008); *Hammock v. State*, 201 Ga. App. 614, 615 (1) (411 SE2d 743) (1991).