S12A0692. DIXON v. THE STATE.
(733 SE2d 327)

MELTON, Justice.

Following a December 2005 jury trial, James Dixon was convicted of malice murder and other offenses in connection with the July 2004 beating and stabbing death of John Michael Carter. This Court upheld Dixon's convictions on appeal. *Dixon v. State*, 285 Ga. 312 (677 SE2d 76) (2009). On February 23, 2011, Dixon filed a pro se "Motion in Arrest of Judgment" in the Cobb County Superior Court. The trial court denied and dismissed this Motion on February 28, 2011. Dixon filed an Application for Discretionary Appeal in this Court to appeal from the trial court's ruling, and this Court granted the application on April 21, 2011, requesting that the parties address the following issues: (1) Whether a defendant has a right to a direct appeal from an untimely filed motion in arrest of judgment. See OCGA § 17-9-61 (b); and (2) Whether the trial court properly "denied and dismissed" Dixon's motion in arrest of judgment.[1] For the reasons that follow, we conclude that Dixon did have the right to a direct appeal and that the trial court properly dismissed Dixon's motion. Accordingly, we affirm.

---

[1] We note that, in Dixon's pro se brief filed in this Court, Dixon completely fails to address either of the issues that this Court requested that the parties address.

1. As the State correctly concedes, since the time that this Court directed the parties to address whether the ruling on Dixon's untimely motion in arrest of judgment was directly appealable, this Court has held that

> a trial court's ruling on a motion in arrest of judgment is normally directly appealable to whichever appellate court has subject-matter jurisdiction over the case . . . [and] the untimely filing of a motion in arrest of judgment in the trial court is not a defect in *appellate* jurisdiction that will subject an appeal from the trial court's ruling on such a motion to dismissal . . . . Instead, the untimeliness of the motion is simply a defect that limits the *trial court's* authority to grant the motion.

(Citations omitted; emphasis in original.) *Lay v. State*, 289 Ga. 210, 211-212 (2) (710 SE2d 141) (2011). See also *Johnson v. State*, 290 Ga. 531 (722 SE2d 699) (2012) (direct appeal from ruling on untimely filed motion in arrest of judgment).

2. This Court recently recognized in *Johnson v. State*, supra, that, "[w]hen a trial court is faced with an untimely motion in arrest of judgment, it [is] more appropriate for the trial court to dismiss the motion than to deny it." (Citations omitted.) Id. at 532, n. 3. See also OCGA § 17-9-61 (b) ("A motion in arrest of judgment *must* be made during the term at which the judgment was obtained") (emphasis supplied). However, this Court has also determined that, because an "untimely motion [in arrest of judgment] is a defect that limits the trial court's authority to grant the motion[,] . . . [i]n such circumstances, this Court [will] affirm[ ] the denial of the untimely motion in arrest of judgment." (Citation omitted.) *Johnson*, supra, 290 Ga. at 532.

Here, the crux of the trial court's order deals with the fact that Dixon's "motion [was filed] too late." Accordingly, the trial court's dismissal of Dixon's motion on that basis alone was proper. See, e.g., *Howard v. State*, 289 Ga. 207 (710 SE2d 761) (2011). To the extent that any language in the trial court's order deals with the actual merits of Dixon's motion and the fact that the motion could have been easily denied (had it been timely filed), such language was unnecessary. In any event, the additional language does nothing to change the fact that the trial court properly dismissed Dixon's motion as untimely.

*Judgment affirmed. All the Justices concur.*

James A. Dixon, *pro se.*

Patrick H. Head, *District Attorney, Jason D. Marbutt, Anna G. Cross, Amelia G. Pray, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.