S12A1569. SIMPSON v. THE STATE.
(740 SE2d 124)

HINES, Justice.

Gary Simpson appeals from the trial court's denial of his motion in arrest of judgment. For the reasons that follow, we affirm.

In 2002, in the Superior Court of Fulton County, Simpson was convicted of and sentenced on three counts each of malice murder, aggravated assault, and concealing a death. See *Simpson v. State*, 278 Ga. 336 (602 SE2d 617) (2004). He filed a number of post-appeal motions in the trial court, and in response to a "Motion to Vacate Void Conviction and Set Aside Sentence," as amended, the trial court entered an order on June 2, 2011, stating that the motion was partially granted, and finding that the aggravated assaults merged into the malice murders as a matter of fact. See OCGA § 16-1-7 (a);[1] *Ludy v. State*, 283 Ga. 322, 327 (4) (658 SE2d 745) (2008); *Malcolm v. State*, 263 Ga. 369, 372-374 (5) (434 SE2d 479) (1993); *Muckle v. State*, 307 Ga. App. 634, 639 (2) (705 SE2d 721) (2011). The order set forth life sentences for each of the malice murder counts, and ten-year sentences for each count of concealing a death, all to be served consecutively.

On June 13, 2011, Simpson filed a motion in arrest of judgment, challenging his indictment as suffering from a fatal defect in its "descriptive language," asserting that the indictment revealed a "jurisdictional issue," and that, as the indictment had not previously been challenged, it presented a "non amendable defect void on its

---

[1] OCGA § 16-1-7 reads:

(a) When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if:

(1) One crime is included in the other; or

(2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

(b) If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c) of this Code section.

(c) When two or more crimes are charged as required by subsection (b) of this Code section, the court in the interest of justice may order that one or more of such charges be tried separately.

face." The trial court denied the motion in arrest of judgment, ruling that it had to be made in the term of court at which the judgment was obtained, and therefore was untimely. See OCGA § 17-9-61 (b);[2] *Johnson v. State*, 290 Ga. 531, 532 (722 SE2d 699) (2012).

Simpson contends that the trial court's sentencing order of June 2, 2011 constitutes a new judgment of conviction, that his June 13, 2011 motion in arrest of judgment was therefore filed within the same term as that new judgment of conviction, see OCGA § 15-6-3 (3), and thus, his motion in arrest of judgment was timely under OCGA § 17-9-61 (b). However, we do not agree that the order entered on June 2, 2011 triggered a new statutory right to seek review of the indictment under OCGA § 17-9-61. "In order to challenge a conviction after it ha[s] been affirmed on direct appeal, criminal defendants [are] required to file an extraordinary motion for new trial, OCGA § 5-5-41, a motion in arrest of judgment, OCGA § 17-9-61, or a petition for habeas corpus. OCGA § 9-14-40." *Harper v. State*, 286 Ga. 216, 217 (1) (686 SE2d 786) (2009). "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." Id. at 218.

Regardless of the nomenclature of Simpson's "Motion to Vacate Void Conviction and Set Aside Sentence," see *Orr v. State*, 276 Ga. 91, 93 (1) (575 SE2d 444) (2003), the motion presented a claim that certain crimes merged as a matter of fact with certain other crimes. Thus, it was a motion attacking the convictions themselves as void, not merely claiming that the sentences were void. *Williams v. State*, 287 Ga. 192, 193 (695 SE2d 244) (2010). As such a motion is not authorized, *Harper*, supra, the trial court's order purporting to "partially grant" the motion was a nullity. See *Weatherbed v. State*, 271 Ga. 736, 738 (524 SE2d 452) (1999). Accordingly, it cannot serve as a "judgment" within the meaning of OCGA § 17-9-61 (b). Thus, the trial court was correct that Simpson's June 13, 2011 motion in arrest of judgment was untimely, as it had to be filed within the same term as his 2002 convictions. The denial of the untimely motion in arrest of judgment is affirmed. *Johnson*, supra.

*Judgment affirmed. All the Justices concur.*

---

[2] OCGA § 17-9-61 reads:

(a) When a judgment has been rendered, either party may move in arrest thereof for any defect not amendable which appears on the face of the record or pleadings.

(b) A motion in arrest of judgment must be made during the term at which the judgment was obtained.

DECIDED MARCH 18, 2013 —
RECONSIDERATION DENIED APRIL 4, 2013.

Gary Simpson, *pro se.*

Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Arthur C. Walton, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.