# Court of Appeals
# of the State of Georgia

ATLANTA, September 04, 2013

*The Court of Appeals hereby passes the following order:*

**A13A1381. HAWKINS v. THE STATE.**

Alonzo Hawkins, pro se, appeals from an order of the Superior Court of Lowndes County denying his December 2012 "Motion to Correct Void/Illegal Sentence." Hawkins contends that the superior court erred in denying his motion because his convictions for statutory rape, OCGA § 16-6-3 (a), and incest, OCGA § 16-6-22 (a) (1), merged as a matter of fact and, therefore, the trial court erred in entering separate but concurrent sentences on them following his guilty plea in 2008. For the reasons that follow, we must dismiss this appeal.

"[I]t is incumbent upon this Court to inquire into its own jurisdiction." (Citation and punctuation omitted.) *State v. Hill*, ___ Ga. App. ___ (742 SE2d 497) (2013). Regardless of the nomenclature of Hawkins' motion, see *Orr v. State*, 276 Ga. 91, 93 (2) (575 SE2d 444) (2003), the motion presented a claim that his convictions for statutory rape and incest merged as a matter of fact because they were based upon a single act, as opposed to many acts, of sexual intercourse. Thus, it was a motion attacking the convictions as void, not merely claiming that the sentences were void. *Williams v. State*, 287 Ga. 192, 193 (695 SE2d 244) (2010). Such a motion is not authorized under these circumstances. "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State,* 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Rather, a challenge to the legality of a conviction, including a challenge premised on merger, may be considered only in those traditionally recognized proceedings for challenging a criminal conviction: a direct appeal of the conviction; an extraordinary motion for new trial, see OCGA § 5-5-41; a motion in arrest of judgment, see OCGA § 17-9-61; or a petition for habeas

corpus, see OCGA § 9-14-40. See *Williams v. State*, 287 Ga. at 194; *Harper v. State*, 286 Ga. at 217 (1). Because Hawkins' motion was not authorized, the trial court's order denying it was a nullity and presents no basis for an appeal. See *Simpson v. State*, 292 Ga. 764, 765 (740 SE2d 124) (2013); *Harper v. State*, 286 Ga. at 218 (2). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 09/04/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*