# Court of Appeals of the State of Georgia

ATLANTA, December 16, 2013

*The Court of Appeals hereby passes the following order:*

**A14D0132.  WASEEM DAKER v. THE STATE.**

Waseem Daker was convicted of two counts of aggravated stalking. On appeal, he argued among other things that his sentence should be modified because his two convictions were part of a single course of conduct.  We rejected this argument, as well as other arguments, and affirmed his convictions.  *Daker v. State*, 243 Ga. App. 848, 855-856 (22) (533 SE2d 393) (2000).  Daker later filed a motion to correct a void sentence, arguing again that he should have been convicted of only one count of aggravated stalking because his multiple contacts with the victim should not have been punishable separately.  The trial court dismissed the motion under the law-of-the-case rule, and Daker filed this application for discretionary appeal in the Supreme Court.  That Court transferred the application here upon finding that it lacked subject matter jurisdiction.  We, however, also lack jurisdiction.

An appeal may lie from an order denying a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  Daker's merger argument, however, is a challenge to his convictions, not to his sentence.  See *Simpson v. State*, 292 Ga. 764, 765 (740 SE2d 124) (2013); *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010).  As the Supreme Court has made clear, a post-conviction motion to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed.  See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).  For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 12/16/2013
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ *, Clerk.*