**SECOND DIVISION**
**ANDREWS, P. J.,**
**BRANCH and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 13, 2016**

# In the Court of Appeals of Georgia

A15A1953. WILLIAMS v. THE STATE.

ANDREWS, Presiding Judge.

David Timothy Williams filed a motion to suppress a photographic lineup which led to his arrest for armed robbery. Following a hearing, the Superior Court of Laurens County denied Williams' motion, and Williams appeals. Because we lack jurisdiction, we dismiss Williams' appeal.

1. Although not addressed by the parties, we are obligated to question our jurisdiction "in all cases in which there may be any doubt regarding the existence of such jurisdiction." *Bandy v. Elmo*, 280 Ga. 221 (626 SE2d 505) (2006); *Canoeside Properties. v. Livsey*, 277 Ga. 425, 426 (1) (589 SE2d 116) (2003). This is Williams' third attempt to appeal the trial court's denial of his motion to suppress. Following the trial court's initial order denying his motion and a subsequently issued certificate

of immediate review, Williams' first attempted appeal failed for want of a notice of appeal after we granted his application for interlocutory appeal.[1] At that point, the trial court vacated its initial order denying Williams' motion and entered an identical order and a second certificate of immediate review.[2] However, Williams' second attempt to appeal resulted in a dismissal due to his failure to file a brief and enumeration of errors in this Court after we granted his second application for interlocutory appeal. See Court of Appeals Rules 13, 22, 23 (a), and 25 (a). Thereafter, the trial court again vacated its order denying Williams' motion to suppress and again entered an identical order in an apparent effort to provide Williams with an opportunity to appeal. Despite the absence of a certificate of immediate review, we granted Williams' application for interlocutory appeal.

It is the dismissal of Williams' second attempted appeal that triggers our jurisdictional question. We dismissed Williams' appeal due to his failure to file a brief and enumeration of errors. See Court of Appeals Rules 13, 22, 23 (a) and 25 (a).

---

[1] "A defective attempt to seek interlocutory review pursuant to OCGA § 5-6-34 (b) does not have the effect of making the judgment appealed from res judicata of the issue." *Canoeside*, 277 Ga. at 427 (1). For this reason, Williams retained the right to pursue a second attempted appeal. See Id.

[2] The trial court's actions in this regard were authorized. See *Canoeside*, 277 Ga. at 426, 427 (1).

Although the trial court then attempted to provide Williams with another avenue for an appeal, it lacked the authority to do so. "The effect of the dismissal of the . . . appeal from an appealable judgment was to affirm the judgment of the trial court there excepted to and the trial court was without authority to vacate or alter such prior judgment which was res judicata between the parties." *Aetna Cas. & Surety Co. v. Bullington*, 227 Ga. 485 (2) (181 SE2d 495) (1971); *Potter-Miller v. Reed*, 302 Ga. App. 199, 200 (2) (690 SE2d 215) (2010). See also OCGA § 9-11-60 (h); *Howard v. State*, 289 Ga. 207 (1) (710 SE2d 761) (2011) ("Because Howard cannot re-litigate here the same issues that were dismissed in his prior appeals, these claims will not be considered."); *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (dismissal of previous appeal "constitutes binding law of the case" and precludes appellate review of issues raised in previous appeal).

Contrary to *Bandy* and *Canoeside*, supra, the dismissal of Williams' prior appeal is not an example of "[a] defective attempt to seek interlocutory review pursuant to OCGA § 5-6-34 (b)." Indeed, Williams successfully obtained interlocutory review. When the time came to file his brief and enumeration of errors in this Court, however, Williams shirked his responsibility. It follows that the dismissal effectively affirmed the trial court's denial of Williams' motion to suppress

3

and became the law of the case between the parties; accordingly, the trial court lacked the authority to circumvent our prior dismissal.[3] See *Bandy*, 280 Ga. at 221; *Canoeside*, 277 Ga. at 427 (1). See generally *Houston County v. Harrell*, 287 Ga. 162, 164 (695 SE2d 29) (2010) ("A trial court's ruling circumventing the appellate court's dismissal of a direct appeal cannot be permitted; upon return of the remittitur to the trial court after the first direct appeal, the only action which that court had authority or power to take was to make the judgment of the Court of Appeals the judgment of the trial court.") (punctuation omitted). We therefore dismiss Williams' appeal. See *Aetna*, 227 Ga. at 485 (2); *Potter-Miller*, 302 Ga. App. at 200 (2). See also *Howard*, 289 Ga. at 207 (1); *Ross*, 310 Ga. App. at 327.

2. In view of the discussion in Division 1, supra, we need not consider the effect of the trial court's failure to enter a certificate of immediate review following entry of its second renewed order denying Williams' motion to suppress.

*Appeal dismissed. Branch and Mercier, JJ., concur.*

---

[3] See *Southeastern Security Ins. Co. v. Empire Banking Co.*, 268 Ga. 450, 451 (490 SE2d 372) (1997) (appellate court "is authorized to exercise its discretion to dismiss an appeal filed as the result of the grant of an application.").