# Court of Appeals
# of the State of Georgia

ATLANTA,  December 14, 2017

*The Court of Appeals hereby passes the following order:*

**A18D0189. MARVIN B. SMITH, III, et al. v. HSBC BANK U.S.A. N.A.**

This case began as a dispossessory proceeding in magistrate court. Following an adverse ruling in that court, defendants Marvin B. Smith, III, and Sharon Smith appealed to the superior court, which entered judgment in favor of the plaintiff. The defendants then appealed directly to this Court, and the appeal was dismissed based upon the Smiths' failure to follow the discretionary appeal procedure. See Case Number A17A0663, dismissed Dec. 13, 2016.

The Smiths subsequently filed a motion to set aside in the superior court, challenging the validity of the underlying judgment. On September 5, 2017, the superior court entered an order denying the motion. The Smiths filed an application for discretionary appeal from this ruling on October 4, 2017.[1] We, however, lack jurisdiction.

Generally, an application for discretionary appeal may be filed within 30 days of entry of the order or judgment sought to be appealed. See OCGA § 5-6-35 (d). The underlying subject matter of an appeal, however, controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). The underlying subject matter here is a dispossessory judgment. Under OCGA § 44-7-56, an appeal from a dispossessory judgment must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999).

---

[1] The Smiths directed their application to the Supreme Court, which transferred it to this Court.

Here, the Smiths filed their application 29 days after the superior court's order was entered. Accordingly, the application is untimely and is therefore DISMISSED for lack of jurisdiction.[2]



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  12/14/2017*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

              *Stephen E. Castlen*       *, Clerk.*

---

[2] We do not address whether the application is also barred by the law of the case rule. See OCGA § 9-11-60 (h) (rulings by an appellate court are binding as the law of the case and may not be set aside); *Williams v. State*, 335 Ga. App. 468, 469 (1) (781 SE2d 791) (2016) (appellate court's dismissal of appeal effectively affirmed the lower court's ruling and became the law of the case).