In the Supreme Court of Georgia

Decided: February 4, 2019

S18A1145. McDANIEL v. THE STATE.

BENHAM, Justice.

McDaniel appeals the denial of numerous post-judgment motions that he has filed in the trial court since 2009. As discussed below, we affirm.

McDaniel pled guilty to felony murder in August 2002 and was sentenced to life imprisonment; McDaniel thereafter filed an onslaught of post-judgment motions in the trial court. From 2003 to 2007, McDaniel's filings included: a motion to withdraw his guilty plea, a motion in arrest of judgment, a motion to set aside verdict and vacate the judgment, and a motion to vacate sentence. In these pleadings, he asserted, inter alia, that trial counsel was ineffective and frustrated his right to appeal, that his plea was involuntary, that the trial court lacked jurisdiction over his criminal proceedings, that the trial court never properly advised him of his rights during the guilty-plea colloquy, and that the indictment charging him with felony murder was defective.[1] In October 2009,

---

[1] During this time, McDaniel was pursuing similar claims – including those that trial counsel was ineffective – in habeas proceedings.

the trial court entered an order denying the motions as being "without a legal basis," and McDaniel filed a timely notice of appeal; this Court dismissed the appeal.

Following our 2010 order, McDaniel continued to file various motions attacking his guilty-plea conviction. From October 2009 until April 2017, McDaniel's filings included a motion for an out-of-time appeal, numerous motions to compel, numerous petitions for a writ of mandamus, a motion to set aside and vacate illegal/void judgment, and a motion for documents and records at the State's expense. These motions, like the ones before them, assert claims that counsel was ineffective and frustrated his right to appeal, that the indictment was defective, that his conviction and sentence were void, that his plea was involuntary, and that the trial court failed to properly advise him of his various constitutional rights.[2] In July 2017, the trial court entered a two-paragraph order denying all outstanding motions filed between October 2009 and April 2017. McDaniel again filed a timely notice of appeal, and he continues to argue on appeal, inter alia, that the indictment was defective, that trial counsel was

_____

[2] During this time period, too, McDaniel was again asserting similar claims in a second round of habeas proceedings.

ineffective, that his plea was involuntary, and that the trial court failed to properly advise him of his constitutional rights.

"It is axiomatic that the same issue[s] cannot be relitigated ad infinitum." (Citations and punctuation omitted.) Nally v. Bartow County Grand Jurors, 280 Ga. 790, 791 (2006). Here, McDaniel's claims concerning his plea and the effectiveness of trial counsel were raised in his first wave of motions – among other proceedings – and those motions were denied for lacking a legal basis. He is now precluded from seeking relief on those same claims. See Snelson v. State, 303 Ga 504, 506 (2018) (claims raised in previous post-judgment motions precluded by res judicata where denied by the trial court and not appealed); Howard v. State, 289 Ga. 207 (1) (2011) (applying res judicata to disallow claims raised in previous dismissed appeals from post-judgment motions); Little v. State, 327 Ga. App. 252, 252 n.1 (2014) (refusing to address claims raised on appeal that had been previously raised in a post-judgment motion, denied by the trial court, and then dismissed on appeal). Accordingly, the trial court properly denied the motions, and the judgment of the trial court is affirmed.

Judgment affirmed. All the Justices concur.