350 Ga. 851
FINAL COPY

S19A0308. DAVIS v. THE STATE.

BETHEL, Justice.

Nearly twenty years ago, Appellant Donald Davis pleaded guilty to the murder of Shereka Smith and was convicted and sentenced. Davis did not timely pursue a direct appeal. Following his unsuccessful pursuit of a writ of habeas corpus, he filed a motion for an out-of-time appeal of his conviction, which the trial court denied. Davis now appeals that denial. For the reasons set forth below, we affirm.

On December 17, 1999, a Monroe County grand jury indicted Davis on charges of murder, felony murder predicated on aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony after having been convicted of a previous felony involving the use or possession of a firearm. After evaluation, Davis was determined competent to stand trial.

On April 25, 2000, Davis, who was represented by counsel, entered a guilty plea on the murder charge. The transcript of the plea hearing shows that, in support of Davis's plea, the following factual basis was presented to the trial court: Davis and his victim, Shereka Smith, were romantically involved and had lived together before separating in August 1999. After their separation, violence and discord continued between them. On October 4, 1999, Smith, accompanied by her niece, went to the Monroe County courthouse to take out a warrant on Davis, who was on parole at the time. Davis, knowing that Smith's actions would lead to his incarceration, intercepted the two women on the courthouse square and, from close range, fired four or five shots at Smith, three of which struck Smith, causing her death. The trial court accepted Davis's guilty plea and sentenced him to life in prison. The remaining charges were dead docketed.

On April 16, 2002, Davis, acting pro se, filed a petition for writ of habeas corpus. In that petition, Davis contended, among other things, that he was denied the effective assistance of plea counsel,

raising 14 grounds in support of that contention. The habeas court held an evidentiary hearing at which both Davis and his trial counsel testified. In an order containing extensive findings of fact and conclusions of law, the habeas court denied Davis's petition, finding that his claims of ineffective assistance were without merit.[1] Davis never pursued an appeal of that order.

On April 16, 2018, Davis, through counsel, filed a motion for out-of-time appeal, contending, in part, that he was denied the effective assistance of counsel based on his trial counsel's failure to file an appeal from his conviction. Following a hearing, the trial court denied the motion, and Davis now appeals.

As we have explained before, a defendant is entitled to an out-of-time appeal only where he has "allege[d] and prove[d] an excuse of constitutional magnitude for failing to file a timely direct appeal, which usually is done by showing that the delay was caused by his

---

[1] Although Davis's petition for writ of habeas corpus is not included in the record before us, the habeas court's order lays out the grounds raised by Davis. Davis did not appeal the habeas court's order nor does he argue that the habeas court failed to rule on any grounds he raised.

trial counsel's ineffective assistance in providing advice about or acting upon an appeal." *Deloney v. State*, 302 Ga. 142, 145 (805 SE2d 881) (2017). Thus, the only relevant question before us is whether Davis's failure to file a timely appeal resulted from the ineffective assistance of his trial counsel.

But frustrating Davis's present effort to obtain an out-of-time appeal is the doctrine of res judicata. "It is axiomatic that the same issues cannot be relitigated ad infinitum." (Citation and punctuation omitted.) *McDaniel v. State*, 305 Ga. 46, 47 (823 SE2d 734) (2019).

> Three prerequisites must be satisfied before res judicata applies — (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction. Where a convict seeks post-conviction relief based upon grounds previously litigated in a habeas proceeding, i.e., were raised in a habeas proceeding and resolved by the final judgment of the habeas court, this Court has determined that the convict is collaterally estopped from pursuing those grounds in his effort to obtain post-conviction relief.

(Citation and punctuation omitted.) *Beasley v. State*, 298 Ga. 49, 50 (779 SE2d 301) (2015). Furthermore, "the doctrine of res judicata precludes not only re-litigation of claims that were actually

adjudicated in the prior cause of action, but those which could have been adjudicated therein." Id. As noted above, Davis filed a habeas petition in 2002, and the habeas court denied Davis relief. Although Davis did not "plainly raise in the [petition for writ of habeas corpus] the issues he raises now, there is no reason he could not have." *Brooks v. State*, 301 Ga. 748, 751 (804 SE2d 1) (2017). Therefore, because the trial court was precluded from considering this claim, it did not err in denying Davis's motion for out-of-time appeal.

Judgment affirmed. All the Justices concur.


Decided May 20, 2019.

Murder. Monroe Superior Court. Before Judge Wilson.

Deborah R. Whitlock, Bentley C. Adams III, for appellant.

Jonathan L. Adams, District Attorney, Cynthia T. Adams, Elizabeth K. Bobbitt, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.