# Court of Appeals
# of the State of Georgia

ATLANTA,  June 09, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1377. JAMEZ ANTWANE BRYANT v. THE STATE.**

Jamez Antwane Bryant entered an *Alford*[1] plea to two counts of enticing a child for indecent purposes and was sentenced to 30 years to serve 20 years in confinement. Following his conviction, Bryant filed multiple pro se motions, including a motion to withdraw his plea, motion in arrest of judgment, and motion for sentence modification. The trial court entered a consolidated order denying his motions, and Bryant filed an untimely notice of appeal therefrom.  We dismissed Bryant's appeal for lack of jurisdiction. See Case No. A20A0052, dismissed August 5, 2019. Back in the trial court, Bryant filed additional pro se motions, including a motion to withdraw his plea, which resulted in a second order denying his motions, in which the trial court noted that "[s]imilar arguments were rejected by this [trial court] by order dated April 26, 2019 and by order dated June 6, 2019." Bryant appealed to this Court, and again, we dismissed his appeal, noting that our dismissal of the appeal in Case No. A20A0052 acts as res judicata. See Case No. A20A0147, dismissed April 21, 2020. Since then, Bryant filed yet another motion to withdraw his guilty plea, which the trial court denied. Bryant filed a notice of appeal from the trial court's order.  Again, we lack jurisdiction.

Bryant is barred from seeking review of the trial court's order denying his motion to withdraw his guilty plea because his first appeal was dismissed.  See *Williams v. State*, 335 Ga. App. 468, 469 (1) (781 SE2d 791) (2016) ("The effect of the dismissal of the appeal from an appealable judgment was to affirm the judgment

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

of the trial court there excepted to and the trial court was without authority to vacate or alter such prior judgment which was res judicata between the parties.") (punctuation omitted); *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (dismissal of previous appeal "constitutes binding law of the case" and precludes appellate review of issues raised in previous appeal). See also *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum."). Accordingly, this appeal is hereby DISMISSED.

Given that Bryant has filed several prior matters in this Court seeking to address the same issue, this appeal is frivolous. This Court is empowered to impose sanctions upon a party who files a frivolous appeal. See Court of Appeals Rule 15 (b). We thus caution Bryant against filing future frivolous matters in this Court as such will result in the imposition of sanctions.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __06/09/2021__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

___Stephen E. Castlen_____ *, Clerk.*