# Court of Appeals
# of the State of Georgia

ATLANTA,  June 26, 2024

*The Court of Appeals hereby passes the following order:*

## A24A1608. LEWIS JORDAN v. THE STATE.

In 1995, Lewis Jordan pled guilty to murder. He later filed a motion to set aside his conviction. The trial court dismissed the motion, and Jordan appealed to this Court.[1] We lack jurisdiction.

The Supreme Court of Georgia has appellate jurisdiction over "[a]ll cases in which a sentence of death was imposed or could be imposed." Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (8). Because a penalty of death may be imposed for the crime of murder, jurisdiction is proper in the Supreme Court. See OCGA § 16-5-1 (e) (1); *Neal v. State*, 290 Ga. 563, 572 (722 SE2d 765) (2012) (Hunstein, C. J., concurring); see also *State v. Thornton*, 253 Ga. 524, 524 (1) (322 SE2d 711) (1984) (directing this Court to transfer "all cases in which either a sentence of death or of life imprisonment has been imposed upon conviction of murder"), overruled in part on other grounds as recognized in *Elliott v. State*, 305 Ga. 179, 205 (III) (C) (i) (824 SE2d 265) (2019). The Supreme Court's jurisdiction over murder cases includes appeals from orders resolving post-judgment motions in such cases. See *Simpson v. State*, 292 Ga. 764, 764 (740 SE2d 124) (2013) (appeal from denial of motion attacking murder convictions as void).

---

[1] Although Jordan's notice of appeal did not specify an appellate court, the trial court transmitted the record to this Court.

Accordingly, this appeal is hereby TRANSFERRED to the Supreme Court of Georgia for disposition.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,___06/26/2024_____*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ , Clerk.