# Court of Appeals
# of the State of Georgia

ATLANTA,  July 15, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1627. WRIGHT v. THE STATE.**

In 2014, Delano Andres Wright was tried for multiple offenses relating to alleged inappropriate conduct with his minor daughter. The jury found him guilty of cruelty to children and two counts of child molestation, but was unable to reach a verdict on six other sex-related counts. The trial court declared a mistrial on the deadlocked counts, accepted the guilty verdicts as to cruelty to children and the two child molestation counts, and convicted Wright of those three offenses. Wright elected to proceed without an attorney following his convictions,[1] filing a pro se motion for new trial, which the trial court denied, and a pro se notice of appeal to this Court.

Once his appeal was docketed, Wright failed to file an appellate brief, despite receiving two extensions of time. We thus dismissed his appeal as abandoned on April 13, 2017. Eight months later, Wright moved for an out-of-time appeal below. The trial court denied the motion, and we affirmed that ruling in Case No. A20A1156. In an unpublished opinion, we explained that Wright was "not entitled to an out-of-time appeal because he already timely appealed his case."

On September 15, 2023, the trial court entered a nolle prosequi as to each of the six charges on which the jury had deadlocked, noting that the State did not wish

---

[1] When Wright insisted on representing himself, the trial court engaged in an extended colloquy with him about the appeals process and the dangers of self-representation. Based on that discussion, the court determined that Wright had knowingly and voluntarily waived his right to appointed counsel on appeal.

to retry Wright on those counts. Wright filed a notice of appeal from that order. In the notice, Wright claimed that, pursuant to *Seals v. State*, 311 Ga. 739 (860 SE2d 419) (2021), his 2014 convictions did not become final until the trial court nol prossed the unresolved charges, permitting him to appeal, once again, the denial of his motion for new trial.

Before the trial court transmitted the appeal to this Court, Wright filed a "Writ of Mandamus" in his criminal case, which suspended the transmission process. The trial court ultimately dismissed the writ, finding that it had not been properly filed or served. It further directed the superior court clerk to immediately transmit Wright's appeal to this Court. The appeal was docketed as Case No. A25A1627 on April 21, 2025.

We lack jurisdiction. Wright's original direct appeal was dismissed for failure to file a brief. The effect of that dismissal "was to affirm the judgment of the trial court[.]" *Williams v. State*, 335 Ga. App. 468, 469 (1) (781 SE2d 791) (2016) (citation and punctuation omitted). In his current appellate brief, Wright again challenges his convictions and the denial of his motion for new trial, raising claims regarding evidence sufficiency, the admissibility of the victim's statements, and the effectiveness of trial counsel. At base, this is an effort by Wright "to pursue a second direct appeal, which is not authorized by Georgia law and which we are without jurisdiction to consider on the merits." *Hall v. State*, 304 Ga. 281, 282 (818 SE2d 527) (2018).

We find no merit in Wright's claim that *Seals v. State* authorizes this appeal. In *Seals*, our Supreme Court concluded that a case is not "final" for purposes of appeal if a charge on which the jury failed to reach a verdict remains unresolved and pending below. See 311 Ga. at 742-743 (2) (a). It further clarified that a mistrial as to certain counts does not sever those counts from the charges on which the jury found a defendant guilty. See id. at 744 (2) (b). The Supreme Court, however, decided *Seals* over four years after we dismissed Wright's original appeal. Pursuant to "the 'pipeline' approach for determining how new rules of criminal procedure apply to criminal cases[,]" the procedure established in *Seals* only "applies to future cases and

those pending cases whose direct appeals have not yet been adjudicated." *Johnson v. State*, 315 Ga. 876, 891 (4) (885 SE2d 725) (2023) (citation and punctuation omitted). In other words, *Seals* "'[does] not undo what has been done' with respect to . . . cases that have already been adjudicated through direct appeal." Id.

Moreover, the original dismissal, as well as our subsequent opinion in Case No. A20A1156, constitute law of the case. See *Howard v. State*, 289 Ga. 207, 207 (1) (710 SE2d 761) (2011) ("Because [defendant] cannot re-litigate here the same issues that were dismissed in his prior appeals, these claims will not be considered."); *Williams*, 335 Ga. App. at 469 ( "dismissal of previous appeal constitutes binding law of the case and precludes appellate review of issues raised in previous appeal") (citation and punctuation omitted). Simply put, Wright "is not entitled to multiple bites at the apple." *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011). Accordingly, "[b]ecause we are without authority to entertain a second direct appeal by [Wright]," we hereby DISMISS this appeal for lack of jurisdiction.[2] *Hall*, 304 Ga. at 285.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __07/15/2025__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] The appellate record also contains a notice of appeal relating to the denial of the writ of mandamus. Wright's appellate brief, however, does not mention mandamus or raise any claim of error relating to the trial court's order dismissing the writ. To the extent Wright initially sought to appeal the dismissal of his writ of mandamus, that effort is deemed abandoned. See *Griffin v. State*, 321 Ga. 52, 54 (1) (b) n.2 (912 SE2d 692) (2025) (deeming abandoned claim not raised in appellate brief).