# Court of Appeals
# of the State of Georgia

ATLANTA,  December 01, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0613. JAMES LEON WORKS v. THE STATE.**

In 2018, a jury found James Leon Works guilty of three counts each of rape and aggravated assault and related crimes. The trial court sentenced him to life plus 15 years' imprisonment. This Court affirmed the judgment on direct appeal. *Works v. State*, Case No. A20A585 (decided June 22, 2020). Works thereafter filed a pro se motion to set aside void sentence. On March 26, 2025, the trial court entered an order striking the motion.  On October 6, 2025, Works filed in the trial court an "out-of-time" notice of appeal, again seeking to appeal the March 26 order.[1] The appeal was docketed in this Court as Case No. A26A0613. The State has filed a motion to dismiss the appeal, arguing that Works has not shown that he is entitled to an out-of-time appeal under OCGA § 5-6-39.1. We agree.

A notice of appeal generally must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38(a). Under OCGA § 5-6-39.1(a)(1), however, in certain limited circumstances a defendant may move for leave to file an out-of-time notice of appeal within 100 days from the expiration of the time period for the filing of such notice. Here, Works filed his notice of appeal 194 days after entry of the order he seeks to appeal, but he did not first request leave to file the notice of appeal as required under OCGA § 5-6-39.1(a)(1), and his notice of appeal

---

[1] Works also filed a timely notice of appeal from the March 26 order, but we dismissed that appeal as abandoned after Works failed to file an enumeration of errors and brief. See Case No. A25A1652 (July 7, 2025); Court of Appeals Rules 7, 23(a).

was filed more than 100 days after the expiration of the time period to appeal the March 26 order. See OCGA § 5-6-39.1(a)(1); OCGA § 5-6-38(a). Thus, he was not entitled to file an out-of-time notice of appeal, and his untimely notice of appeal deprives us of jurisdiction over this appeal. See *Kelly v. State*, 311 Ga. 827, 828 (860 SE2d 740) (2021).

In addition, our July 2025 dismissal of Works's appeal of the same order is the law of the case and Works is not entitled to relitigate this issue. See *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) (a challenge to a void sentence is subject to the well-established principles of res judicata and the law-of-the-case rule); *Howard v. State*, 289 Ga. 207 (1) (710 SE2d 761) (2011). Works's current appeal "involves the exact same subject matter as his previous appeal," which this Court dismissed. *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011). "In this respect, it matters not that the dismissal of [Works's] previous appeal did not reach the merits of [Works's] claim because the dismissal, nevertheless, constitutes binding law of the case." Id.

For these reasons, the State's motion to dismiss is GRANTED, and this appeal is hereby DISMISSED. If, as Works appears to suggest in his notice of appeal, his right to timely seek appellate review was frustrated due to errors committed by the trial court, his remedy is to petition the trial court to vacate and re-enter the order at issue in the manner described in *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149(1) (269 SE2d 426) (1980), disapproved in part by *Wright v. Young*, 297 Ga. 683, 684, n.3 (777 SE2d 475) (2015).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __12/01/2025_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*